JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ORI FEIBUSH

### DEFENDANTS
KENYATTA JOHNSON

(b) County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
MATTHEW B. WEISBERG, ESQUIRE
WEISBERG LAW, 7 SOUTH MORTON AVENUE, MORTON, PA 19070
PHONE: (610) 690-0801; E-MAIL: mweisberg@weisberglawoffices.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: **42 U.S.C. § 1983**
Brief description of cause: **VIOLATION OF CIVIL RIGHTS (SUBSTANTIVE AND PROCEDURAL DUE PROCESS)**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ **Will Supply**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 06/25/2014
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORI FEIBUSH<br>2054 South Street<br>Philadelphia, PA 19146 | : | NO.: |
| Plaintiff, | : | |
| v. | : | |
| KENYATTA JOHNSON, individually<br>and in his Official Capacity as<br>City of Philadelphia Councilman<br>for the Second District<br>City Hall, Room 580<br>Philadelphia, PA 19107-3290 | : | **JURY TRIAL DEMANDED** |
| And | : | |
| JOHN DOES 1-10 | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

### I. Preliminary Statement

Plaintiff is a real estate investor. Defendant is a Councilman for the City of Philadelphia's Second District. In his real estate investment practice, Plaintiff purchases vacant lots – a lot of which are owned by the City of Philadelphia. Pursuant to councilmembers' "councilmanic authority," councilmembers have the right to veto purchases of such properties within their district. Upon Plaintiff announcing his intent to run for election against Defendant, Defendant has unlawfully exercised Defendant's councilmanic authority, among other acts, to preclude Plaintiff's purchase of property and development within Defendant's district – in direct retaliation for Plaintiff's political challenge.

## II. Venue and Jurisdiction

1. This Honorable Court has jurisdiction over federal questions pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over state causes of action pursuant to §1367.

2. This action is venued before this Honorable Court given that parties reside here, do business here, and the properties and actions hereinafter more fully described all take place in this venue.

## III. Parties

3. Plaintiff, Ori Feibush, maintains a principal place of business at the above-captioned address.

4. Defendant, Kenyatta Johnson, is a Councilman for the City of Philadelphia. Upon information and belief, Defendant resides within the City of Philadelphia. Defendant is being sued in his individual and official capacities having acted under color of state law pursuant to 42 U.S.C. §1983, et seq., and at common law. Defendant is the chief decision-maker for the actions aforesaid.

5. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

## IV. Operative Facts

6. Defendant is a first term Councilman for the Second District of the City of Philadelphia.

7. Among other areas, the Second District includes Point Breeze, Philadelphia.

8. Pursuant to councilmembers' "councilmanic authority," Defendant has the prerogative to veto City of Philadelphia owned sales of vacant properties.

9. Plaintiff is a real estate investor who additionally is campaigning to replace Defendant in the next election.

10. As part of his real estate investment practice, Plaintiff seeks to and does purchase properties that are vacant with a view towards their redevelopment.

11. The City of Philadelphia is the current owner of approximately 17,000 vacant lots of land.

12. When directed by the district councilman whose district the vacant lots are in, the City of Philadelphia places these vacant properties for sale to the public.

13. Between his "expression of interest" and then ultimate purchase, Plaintiff has previously navigated the City's complex bureaucracy towards the purchase of such properties.

14. Plaintiff and the City of Philadelphia have long-time mutually both benefited and enjoyed each others' symbiotic business interests with regards to these sales and purchases, respectively.

15. On or about November 15, 2013, Plaintiff declared his intent to run for Defendant's council seat.

16. In response, under the guise of councilmanic privilege, Defendant has unilaterally vetoed Plaintiff's purchase of vacant lots within Defendant's District: despite there being no other bidders in some cases – thereby allowing the vacant properties to further blight the City of Philadelphia by laying fallow instead of Plaintiff's redevelopment towards the City and Plaintiff's mutual gain in all respects.

17. In one (1) instance, the aforementioned included Plaintiff submitting the highest bid for the City-owned properties on the 1300 block of S. Cleveland Street.

18. Relying on the City accepting the bid and notifying him that he had been selected as the developer for the site, Plaintiff purchased several more private lots on the same block and incurred further significant development costs (such as, paying for architectural drawings).

19. Suddenly, in April 2014, Defendant unilaterally stopped the sale – claiming the Cleveland Street properties were to be used for affordable housing.

20. One month later, Defendant allowed separate nearby properties (which Defendant also publicly stated were to be used for affordable housing) to be sold to other private developers, Defendants, John Does.

21. In another instance, Plaintiff separately applied to purchase properties on the 1300 block of Bouvier Street.

22. The Request for Proposals for these properties weighed three factors: 1) the amount bid; 2) an affordable housing component; and 3) consideration for open space in future development.

23. Plaintiff's bid was the strongest in all three categories; yet, another developer, Defendant, John Doe, was awarded the lots.

24. Plaintiff later discovered that the winning bidders (one of whom is believed to have also built Defendant's home and made political contributions to Defendant) was informed of the sale by Defendant – before the public RFP.

25. Despite a supposed "blind" and apolitical bidding process, Defendant is believed to have coached the winning developer throughout the application process towards a winning bid – including allowing the winning developer to improve his response to the RFP after submission.

26. Further, while the RFP required conforming single-family units, the winning developer's proposal was for multi-family units: which did not conform to the zoning code. Upon

information and belief, Defendant promised the winning developer that Defendant would help obtain zoning compliance after a successful bid.

27. In fact, upon information and belief, Defendant's staffer, Defendant, John Doe, urged another developer not to apply altogether because Defendant intended to implicitly award the properties to Defendant, John Doe, from the start. Upon information and belief, the open application process was a false pretext.

28. Plaintiff has lost financial opportunity by Defendant's unlawful both political and personal maneuvering to allow these properties to be purchased by third-parties, Defendants, John Does, who are personally and politically supportive of Defendant.

29. Defendant's misconduct is not only unlawful and unconstitutional but is injurious to the City of Philadelphia in breach of Defendant's obligations to the citizens of Philadelphia as well as his constituents; and hurtful to the very City and people Defendant represents.

## COUNT I
### Selective Enforcement
### (Plaintiff v. Defendant, Individually)

30. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

31. Defendant treated Plaintiff differently from other similarly situated individuals, and used selective treatment to preclude Plaintiff's purchase of property within Defendant's district in direct retaliation for Plaintiff's political challenge.

32. Defendant caused Plaintiff to suffer by his wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

## COUNT II
## Abuse of Process
## (Id.)

33. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

34. Precluding Plaintiff's purchase of property in retaliation for Plaintiff's political challenge was intentional, wanton, malicious and with reckless disregard for the rights of Plaintiff, and a perversion of councilmembers' authority.

35. Plaintiff suffered harm due to Defendants' conduct.

## COUNT III
## Violation of Due Process
## (Id.)

36. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

37. Plaintiff was deprived of a property interest.

38. Plaintiff was never given any type of hearing nor notice before Defendant inappropriately and unilaterally vetoed and/or subverted sales of vacant properties.

39. Defendant did not provide substantive nor procedural due process of law.

40. As a result of Defendant's conduct, Plaintiff has been harmed.

41. Defendant caused Plaintiff to suffer by his wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

## COUNT IV
## Violation of Equal Protection
## (Id.)

42. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

43. Defendant caused Plaintiff to suffer by his wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

## COUNT V
## Wrongful Seizure
## (Id.)

44. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

45. Plaintiff was deprived of a property interest.

46. Plaintiff was never given any type of hearing nor notice before Defendant inappropriately and unilaterally vetoed and/or subverted sales of vacant properties.

47. Defendant did not provide substantive nor procedural due process of law.

48. As a result of Defendants' conduct, Plaintiff has been harmed.

49. Defendant caused Plaintiff to suffer by his wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

## COUNT VI
## First Amendment Violation
## (Id.)

50. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

51.     Plaintiff engaged in a protected activity; Defendant responded with retaliation; and the protected activity was the cause of the retaliation.

52.     In precluding Plaintiff's purchase of property within Defendant's District in direct retaliation for Plaintiff's political challenge, Defendant penalized Plaintiff's exercise of his First Amendment rights.

53.     Defendants caused Plaintiff to be deprived of freedom of speech by their wrongful conduct all in violation of the First Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

## COUNT VII
### *Monell*
### (Plaintiff v. Defendant, in his Official Capacity)

54.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

55.     Prior to the events described herein, Defendant developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights.

56.     The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

57.     Plaintiff suffered harm due to Defendants' conduct.

58.     Defendant caused Plaintiff to suffer by his wrongful conduct all in violation of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

## V. Prayer for Relief

Wherefore, Plaintiff respectfully requests judgment in his favor and against Defendant, in an amount in excess of $75,000.00, plus compensatory, statutory, actual, and other damages, which include but are not limited to lost profits, lost opportunities, and being subject to the violation of the Constitutions of the United States of America and the Commonwealth of Pennsylvania, as well as common law, plus punitive damages, attorney's fees, and costs, as well as equitable relief in the form of injunctive and declaratory relief.

WEISBERG LAW

_____
Matthew B. Weisberg, Esquire
Attorney for Plaintiff