UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORI FEIBUSH<br>2054 South Street<br>Philadelphia, PA 19146<br><br>      Plaintiff,<br><br>v.<br><br>KENYATTA JOHNSON, individually<br>and in his Official Capacity as<br>City of Philadelphia Councilman<br>for the Second District<br>City Hall, Room 580<br>Philadelphia, PA 19107-3290<br><br>  And<br><br>JOHN DOES 1-10<br><br>      Defendants. | NO.: 14-3947<br><br><br><br><br>**JURY TRIAL DEMANDED** |

### FIRST AMENDED CIVIL ACTION COMPLAINT

**I.    Preliminary Statement**

Plaintiff is a real estate investor and taxpayer. Defendant is a Councilman for the City of Philadelphia's Second District. In his real estate investment practice, Plaintiff purchases vacant lots – a lot of which are owned by the City of Philadelphia. Pursuant to councilmembers' "councilmanic authority," councilmembers have the right to veto purchases of such properties within their district. Upon Plaintiff announcing his intent to run for election against Defendant, Defendant has unlawfully exercised Defendant's councilmanic authority, among other acts, to preclude Plaintiff's purchase of property and development within Defendant's district – in direct retaliation for Plaintiff's political challenge.

## II. Venue and Jurisdiction

1. This Honorable Court has jurisdiction over federal questions pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over state causes of action pursuant to §1367.

2. This action is venued before this Honorable Court given that parties reside here, do business here, and the properties and actions hereinafter more fully described all take place in this venue.

## III. Parties

3. Plaintiff, Ori Feibush, maintains a principal place of business at the above-captioned address.

4. Defendant, Kenyatta Johnson, is a Councilman for the City of Philadelphia. Upon information and belief, Defendant resides within the City of Philadelphia. Defendant is being sued in his individual and official capacities having acted under color of state law pursuant to 42 U.S.C. §1983, et seq., and at common law. Defendant is the chief decision-maker for the actions aforesaid.

5. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

## IV. Operative Facts

6. Defendant is a first term Councilman for the Second District of the City of Philadelphia.

7. Among other areas, the Second District includes Point Breeze, Philadelphia.

8. Pursuant to councilmembers' "councilmanic authority," Defendant has the "prerogative" to veto City of Philadelphia owned sales of vacant properties.

9. Plaintiff is a real estate investor who additionally is campaigning to replace Defendant in the next election.

10. As part of his real estate investment practice, Plaintiff seeks to and does purchase properties that are vacant with a view towards their redevelopment.

11. The City of Philadelphia is the current owner of approximately 17,000 vacant lots of land.

12. When directed by the district councilman whose district the vacant lots are in, the City of Philadelphia places these vacant properties for sale to the public.

13. City policy requires an open competitive sales process when multiple "expressions of interest" are made by developers.

14. Between his "expression of interest" and then ultimate purchase, Plaintiff has previously navigated the City's complex bureaucracy towards the purchase of 10 such properties in the 12 months prior to November 15, 2013.

15. Plaintiff and the City of Philadelphia have long-time mutually both benefited and enjoyed each others' symbiotic business interests with regards to these sales and purchases, respectively.

16. On or about November 15, 2013, Plaintiff declared his intent to run for Defendant's council seat.

17. Defendant instantly thereafter halted all Philadelphia land sales to Plaintiff – After November 15, 2013, the public bidding process has not been available to Plaintiff despite his continued expressions of interest. To wit, Plaintiff has settled on properties where Plaintiff and the City made agreements of sale prior to November 15, 2013.

18. Defendant would not introduce any ordinances that included City property sales to Plaintiff and Defendant would not allow Plaintiff to enter into any new agreements to acquire property with the Philadelphia Redevelopment Authority and/or Office of Housing and Community Development.

19. Under the guise of councilmanic privilege, Defendant has unilaterally vetoed Plaintiff's purchase of vacant lots within Defendant's District: despite there being no other bidders in some cases – thereby allowing the vacant properties to further blight the City of Philadelphia by laying fallow instead of Plaintiff's redevelopment towards the City and Plaintiff's mutual gain in all respects.

20. In one (1) instance, the aforementioned included Plaintiff submitting the highest bid for the City-owned properties on the 1300 block of S. Cleveland Street.

21. Relying on the City accepting the bid and notifying him that he had been selected as the developer for the site, Plaintiff purchased several more private lots on the same block and incurred further significant development costs (such as, paying for architectural drawings).

22. Suddenly, in April 2014, Defendant unilaterally stopped the sale – claiming the Cleveland Street properties were to be used for "affordable housing."

23. One month later, Defendant allowed separate nearby properties (which Defendant also publicly stated were to be used for affordable housing) to be sold to other private developers, Defendants, John Does.

24. In another instance, Plaintiff separately applied to purchase properties on the 1300 block of Bouvier Street.

25. The Request for Proposals for these properties weighed three factors: 1) the amount bid; 2) an affordable housing component; and 3) consideration for open space in future development.

26. Plaintiff's bid was the strongest in all three categories; yet, another developer, Defendant, John Doe, was awarded the lots.

27. Plaintiff later discovered that the winning bidders (one of whom is believed to have also built Defendant's home and made political contributions to Defendant) was informed of the sale by Defendant – before the public RFP.

28. Despite a supposed "blind" and apolitical bidding process, Defendant is believed to have coached the winning developer throughout the application process towards a winning bid – including allowing the winning developer to improve his response to the RFP after submission.

29. Further, while the RFP required conforming single-family units, the winning developer's proposal was for multi-family units: which did not conform to the zoning code. Upon information and belief, Defendant promised the winning developer that Defendant would help obtain zoning compliance after a successful bid.

30. In fact, upon information and belief, Defendant's staffer, Defendant, John Doe, urged another developer not to apply altogether because Defendant intended to implicitly award the properties to Defendant, John Doe, from the start. The "open" application process was a false pretext.

31. Plaintiff has lost financial opportunity by Defendant's unlawful both political and personal maneuvering to allow these properties to be purchased by third-parties, Defendants, John Does, who are personally and politically supportive of Defendant.

32. Plaintiff is a better funded and more experienced developer than the developers who were shown favoritism by Defendant. In fact, some developers supported by Defendant are felons without any opportunity for financing.

33. Since on or about November 15, 2013 (when Plaintiff declared his intent to run for Defendant's council seat), Plaintiff has been unlawfully prohibited from purchasing any City-owned lots.

34. Defendant's misconduct is not only unlawful and unconstitutional but is injurious to the City of Philadelphia in breach of Defendant's obligations to the citizens of Philadelphia as well as his constituents; and hurtful to the very City and people Defendant represents.

## COUNT I
### Selective Enforcement
### (Plaintiff v. Defendant, Individually)

35. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

36. Defendant treated Plaintiff differently from other similarly situated individuals, and used selective treatment to preclude Plaintiff's purchase of property within Defendant's district in direct retaliation for Plaintiff's political challenge.

37. The other developers were similarly situated to Plaintiff in that they were all builders in the same area who collectively bid on the subject properties.

38. Defendant caused Plaintiff to suffer by his wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

## COUNT II
### Abuse of Process
### (Id.)

39. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

40. Precluding Plaintiff's purchase of property in retaliation for Plaintiff's political challenge was intentional, wanton, malicious and with reckless disregard for the rights of Plaintiff, and a perversion of councilmembers' authority by subversion of the administrative process aforesaid.

41. Plaintiff suffered harm due to Defendants' conduct.

### COUNT III
### Violation of Due Process
### (Id.)

42. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

43. Plaintiff was deprived of a property interest which he would have received if it were not for Defendant's unlawful unilateralism.

44. Plaintiff was never given any type of hearing nor notice before Defendant inappropriately and unilaterally vetoed and/or subverted sales of vacant properties.

45. Defendant did not provide substantive nor procedural due process of law.

46. As a result of Defendant's conduct, Plaintiff has been harmed.

47. Defendant caused Plaintiff to suffer by his wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

### COUNT IV
### Violation of Equal Protection
### (Id.)

48. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

49. Defendant caused Plaintiff to suffer by his wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

50. Plaintiff was intentionally treated differently than others similarly situated.

### COUNT V
### Wrongful Seizure
### (Id.)

51. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

52. Plaintiff was deprived of a property interest which he would have received if it were not for Defendant's unlawful unilateralism.

53. Plaintiff was never given any type of hearing nor notice before Defendant inappropriately and unilaterally vetoed and/or subverted sales of vacant properties.

54. Defendant did not provide substantive nor procedural due process of law.

55. As a result of Defendants' conduct, Plaintiff has been harmed.

56. Defendant caused Plaintiff to suffer by his wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

### COUNT VI
### First Amendment Violation
### (Id.)

57. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

58. Plaintiff engaged in a protected activity; Defendant responded with retaliation; and the protected activity was the cause of the retaliation and a pattern of antagonism towards Plaintiff by Defendant.

59. In precluding Plaintiff's purchase of property within Defendant's District in direct retaliation for Plaintiff's political challenge, Defendant penalized Plaintiff's exercise of his First Amendment rights.

60. Defendants caused Plaintiff to be deprived of freedom of speech by their wrongful conduct all in violation of the First Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

## COUNT VII
### *Monell*
### (Plaintiff v. Defendant, in his Official Capacity)

61. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

62. Prior to the events described herein, Defendant developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights.

63. Specifically, Defendant unilaterally vetoes and/or subverts sales of vacant City-owned properties without any type of hearing or notice in retaliation for plaintiff's political challenge.

64. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

65. Plaintiff suffered harm due to Defendants' conduct.

66. Defendant caused Plaintiff to suffer by his wrongful conduct all in violation of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

**V.     Prayer for Relief**

Wherefore, Plaintiff respectfully requests judgment in his favor and against Defendant, in an amount in excess of $75,000.00, plus compensatory, statutory, actual, and other damages, which include but are not limited to lost profits, lost opportunities, and being subject to the violation of the Constitutions of the United States of America and the Commonwealth of Pennsylvania, as well as common law, plus punitive damages, attorney's fees, and costs, as well as equitable relief in the form of injunctive and declaratory relief.

WEISBERG LAW

Matthew B. Weisberg, Esquire
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORI FEIBUSH<br>2054 South Street<br>Philadelphia, PA 19146<br><br>                Plaintiff,<br><br>v.<br><br>KENYATTA JOHNSON, individually<br>and in his Official Capacity as<br>City of Philadelphia Councilman<br>for the Second District<br>City Hall, Room 580<br>Philadelphia, PA 19107-3290<br><br>   And<br><br>JOHN DOES 1-10<br><br>               Defendants. | NO.: 14-3947<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 3rd day of November, 2014, a true and correct copy of the foregoing Plaintiff's First Amended Civil Action Complaint was served via regular mail, upon the following parties:

John J. Coyle, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

WEISBERG LAW
Matthew B. Weisberg, Esquire
Attorney for Plaintiff