**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ORI FEIBUSH : | |
| 2054 South Street : | NO.:   14-3947 |
| Philadelphia, PA 19146 : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| KENYATTA JOHNSON, individually : | |
| and in his Official Capacity as : | |
| City of Philadelphia Councilman : | |
| for the Second District : | **JURY TRIAL DEMANDED** |
| City Hall, Room 580 : | |
| Philadelphia, PA 19107-3290 : | |
| : | |
| And : | |
| : | |
| JOHN DOES 1-10 : | |
| : | |
| Defendants. : | |

**ORDER**

AND NOW this _____ day of _____, 2015, upon consideration of Defendant's Partial Motion to Dismiss, and Plaintiff's Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.

**AND IT IS SO ORDERED**.

                                                                                    _____
                                                                                    R. Barclay Surrick                    ,J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORI FEIBUSH<br>2054 South Street<br>Philadelphia, PA 19146 | NO.: 14-3947 |
| Plaintiff, | |
| v. | |
| KENYATTA JOHNSON, individually<br>and in his Official Capacity as<br>City of Philadelphia Councilman<br>for the Second District<br>City Hall, Room 580<br>Philadelphia, PA 19107-3290 | **JURY TRIAL DEMANDED** |
| And | |
| JOHN DOES 1-10 | |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff's respectfully requests this Honorable Court deny Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORI FEIBUSH : | |
| 2054 South Street : | NO.:   14-3947 |
| Philadelphia, PA 19146 : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| KENYATTA JOHNSON, individually : | |
| and in his Official Capacity as : | |
| City of Philadelphia Councilman : | |
| for the Second District : | **JURY TRIAL DEMANDED** |
| City Hall, Room 580 : | |
| Philadelphia, PA 19107-3290 : | |
| : | |
| And : | |
| : | |
| JOHN DOES 1-10 : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**

**I.     Operative Facts**

> Plaintiff is a real estate investor and taxpayer.  Defendant is a councilman for the City of Philadelphia's second district.  In his real estate investment practice, Plaintiff purchases vacant lots - a lot of which are owned by the City of Philadelphia.  Pursuant to council members' "councilmatic authority," council members have the right to veto purchases of such properties within their district.  Upon Plaintiff announcing his intent to run for election against Defendant, Defendant has unlawfully exercised Defendant's councilmatic authority, among other acts, to preclude Plaintiff's purchase of property to develop within Defendant's district - in direct retaliation for Plaintiff's political challenge.  (First Amended Complaint ["FAC"], Preliminary Statement).

Defendant is a first term councilman for the Second District of the City of Philadelphia.

(FAC, ¶6).  Among other areas, the Second District includes Point Breeze, Philadelphia.  (¶7).

Pursuant to council members' "councilmatic authority," Defendant has the "prerogative" to veto Philadelphia owned sales of vacant properties. (¶8).

Plaintiff is a real estate investor and taxpayer who additionally is campaigning to replace Defendant in the next election. (¶9). As a part of his real estate investment practice, Plaintiff seeks to and does purchase properties that are vacant with a view towards their redevelopment. (¶10).

The City of Philadelphia is the current owner of approximately 17,000 vacant lots of land. (¶11). When approved by the district councilman whose district the vacant lots are in, the City of Philadelphia places these vacant properties for sale to the public. (¶12).

City policy requires an open competitive sales process when multiple "expressions of interest" are made by developers. (¶13). Between his "expression of interest" and then ultimate purchase, Plaintiff has previously navigated the City's complex bureaucracy towards the purchase of 10 such properties in the 12 months prior to November 15, 2013. (¶14).

Plaintiff and the City of Philadelphia have long-time mutually both benefited and enjoyed each others' symbiotic business interests with regards to the sales and purchases, respectfully. (¶15).

On or November 15, 2013, Plaintiff declared intent to run for Defendant's council seat. (¶16).

Defendant instantly thereafter halted Philadelphia land sales to Plaintiff - after November 15, 2013, the public bidding process has not been available to Plaintiff despite his continued expressions of interest. (¶17).[1]

---

[1] Plaintiff has settled on properties where Plaintiff and the City made agreements of sale prior to November 15, 2013. (Id.)

Defendant would not introduce any ordinances that included City property sales to Plaintiff and Defendant would not allow Plaintiff to enter into any new agreements to acquire property with the Philadelphia Redevelopment Authority and/or Office Of Housing And Community Development.  (¶18).

Under the guise of councilmatic privilege, Defendant has unilaterally vetoed Plaintiff's purchase of vacant lots within Defendant's district: despite there being no other bidders in some cases - thereby allowing the vacant properties to further blight the City of Philadelphia by laying fallow instead of Plaintiff's redevelopment towards the City and Plaintiff's mutual gain in all respects.  (¶19).

In one (1) instance, the aforementioned included Plaintiff submitting the highest bid for the City-owned properties on the 1300 Block of South Cleveland Street.  (¶20).  Relying on the City accepting the bid and notifying him that he had been selected as the developer for the site, Plaintiff purchased several more private lots in the same block and incurred further significant development costs (such as, paying for architectural drawings).  (¶21).  Suddenly, in April 2014, Defendant unilaterally stopped the sale – claiming Cleveland Street properties were to be used for "affordable housing."  (¶22).  One month later, Defendant allowed separate nearby properties (which Defendant also publicly stated were to be used for affordable housing) to be sold to other private developers, Defendants, John Does.  (¶23).

In another instance, Plaintiff applied to purchase properties on the 1300 Block of Bouvier Street.  (¶24).  The request for proposals for these properties weighed three (3) factors:

(1)   the amount bid;

(2)   an affordable housing component; and

(3)   consideration for open space in future development.  (¶25).

Plaintiff's bid was the strongest in all three categories; yet, another developer, Defendant, John Does, was awarded the lots. (¶26). Plaintiff later discovered that the winning bidders (one of whom is believed to have also built Defendant's home and made political contributions to Defendant) was informed of the sale by Defendant – improperly prior to public RFP. (¶27). Despite a supposed "blind" and apolitical bidding process, Defendant is believed to have coached the winning developer through the application process towards a winning bid – including unilaterally and improperly allowing the winning developer to improve his response to the RFP after submission. (¶28). Further, while the RFP required conforming single-family units, the winning developer's proposal was for multi-family units: which did not conform to the zoning code. (¶29). Upon information and belief, Defendant promised the winning bidder that Defendant would help him obtain zoning compliance after his successful bid. (Id).

In fact, upon information and belief, Defendant's staffer, Defendant, John Doe, urged another developer not to apply altogether – because Defendant intended to implicitly award the properties to Defendant, John Doe, from the start. (¶30). The "open" application process was a false pretext. (Id).

Plaintiff has lost financial opportunity by Defendant's unlawful both political and personal maneuvering to allow these properties to be purchased by third-parties, Defendants, John Does, who have been personally and politically supportive of Defendant. (¶31).

The Plaintiff is better funded and a more experienced developer than the developers who were shown favoritism by Defendant. (¶32). In fact, some developer supported by Defendant are felons without any opportunity for financing. (Id).

Since on or about November 15, 2013 (when Plaintiff declared his intent to run for Defendant's council seat), Plaintiff has been unlawfully prohibited from purchasing any City-owned lots.  (¶33).

Defendant's misconduct is not only unlawful and unconstitutional but is injurious to the City of Philadelphia in breach of Defendant's obligations to the citizens of Philadelphia as well as his own constituents; and hurtful to the very City and people who Defendant represents. (¶34).

## II.    Operative Procedural Posture

Contemporaneously pending against Defendant is: <u>Bay of Holdings, LLC v. Johnson</u>, Civ. A. No. 14-6774  (E.D. Pa.).[2]

## III.    Standard

A.  <u>Motion to Dismiss:  *Fowler* re *Twombly* and *Iqbal*</u>[3]

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in <u>Twombly</u> and <u>Iqbal</u> (in accord with <u>Phillips</u>) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged." <u>Fowler v. UPML Shadyside</u> - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1955 (2009)); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007); <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230 (C.A.3 2008).

<u>Fowler</u> reiterated the appropriate Motion to Dismiss standard, as elucidated in <u>Phillips</u>, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the

---

[2] As this aforesaid corollary second action is public record, this Honorable Court may take judicial notice of that action towards a reasonable inference that Plaintiff is among others who are similarly situated.  To the extent this Honorable Court denies Plaintiff's request to take judicial notice and/or make a reasonable inferences therefrom, Plaintiff respectfully request leave to amend its complaint if the Court's thus denial is here deemed dispositive.
[3] *See generally*, "Simplified Pleading, Meaningful Days in Court, and Trials On The Merits:  Reflections On The Deformation of Federal Procedure," *New York University Law Review*, Vol. 88, p. 286 (April 2013).

light most favorable to the plaintiff, and determine whether, under **any** reasonable reading of the Complaint, the plaintiff *may* be entitled to relief." Fowler, supra (quoting Phillips, at 233) (emphasis added). "Although Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims."[4]  Fowler (citing Twombly, at 564, n.8).

"Even post-Twombly, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'" Fowler, supra; (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 231 2671 (W.D. Pa. 2008) Phillips, at 234. Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Fowler, supra "…[S]tandards of pleadings are not the same as standards of proof." Id. "[A] well-pleaded complaint may proceed

---

[4] Mr. Sharp:       It's a conclusory fact.

Justice Breyer:  Well, it's a fact.  They sat in their view --

Mr. Sharp:       It's a conclusion.

Justice Breyer:  All right.  I don't know what a conclusory fact is as opposed to a regular fact.

Dart Cherokee Basin Operating Co. v. Owens, 13-719 (S.Ct. October 7, 2014) (excerpt from transcript of oral argument).

even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Id. (quoting Twombly, at 556).

    B.  Amended Pleading

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected. Twombly, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr. E.D. Pa. 2001). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); Fowler, supra. ("we note that the District Court inexplicably foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added). The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, *even if not requested*. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time); Estate of Frank P. Lagano v. Bergen County Prosecutor's Office, No. 13-3232 (C.A.3. 2014)

(citing Alston v. Parker, 363 F.3d 229, 235 (C.A.3 2004)) (reversing a district court for not *sua sponte* granting leave to amend).

"Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. Lorenz, *supra.* "Futility" invokes the 12(b)(6) standard upon the district court's notice of the complaint's deficiencies. Davis v. Abington Memorial Hospital, 765 F.3d 236, 244-245 (C.A.3 2014) (citing Krantz v. Prudential Investments Fund Management, LLC, 144 F.3d 140, 144 (C.A.3 2002).

C. Jurisdiction

Supplemental jurisdiction "**must**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise. Borough of West Mifflin v. Lancaster, 45 F.3d 780 (C.A.3 1995) (emphasis added); *see,* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *see also,* Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999).

In adjudicating a peculiar State law question, that analysis should be left to the State Court. Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

D.   Conclusion:  Standard

When applying the correct standard, Plaintiff's Complaint is sufficiently specific and Defendant's Motion should be denied. In the alternative, Plaintiff should be granted leave to

amend as this Honorable Court is, respectfully, directed to allow. Otherwise, state law claims should be dismissed without prejudice to the state court.

IV.  **Argument**

    A.  *Defendant Did Pervert "Process" Against Plaintiff to Support Plaintiff's Claim of Abuse of Process*

Defendant contends Plaintiff's cause for abuse of process should be dismissed because "… the Complaint fails to allege that Councilman Johnson ever instituted legal proceedings or otherwise used legal process against Plaintiff." This is incorrect: both as a matter of the FAC and as a matter of law.

The FAC pleads Johnson improperly used his councilmatic privilege to improperly veto Plaintiff's otherwise successful bids for properties in retaliation for Plaintiff's political campaign against Johnson. The FAC additionally pleads Defendant intended to suborn zoning approval towards other non-qualified bidders through subversion of the City's bureaucratic *process* towards vacant lot purchase. Johnson has blocked Plaintiff's reasonable expectations – which were previously mutually enjoyed between the City and Plaintiff.

The Complaint pleads councilmatic authority, zoning approval, and among others as necessary prerequisites towards obtaining these lots.

While it is conceded that Johnson never employed a lawsuit (such as, an injunction) to damage Plaintiff, Johnson's unilateralism is itself same (whether administrative, political, bureaucratic, or *de jure*).[5]

Through a perversion of these *processes*, Johnson has committed an abuse of process.

---

[5] *See generally*, Glunk v. Greenwald, 2013 WL 5302558 (Pa.Cmwth. 2013); *See generally*, Cruz v. Princeton Ins. Co., 925 A.2d 853, ¶11 (Pa.Super. 2011), overruled on other grounds, 950 A.2d 269 (Pa. 2008); Rosen v. American Bank of Rolla, 627 A.2d 190, 192 (Pa.Super. 1993); McGee v. Feege, 535 A.2d 1020 (Pa. 1987).

B.     *Defendant Deprived Plaintiff of a Property Interest*

However slight, a meaningful interference with an individual's possessory interest to property results in a seizure for civil rights analysis.  Cali v. Hodari, 499 U.S. 621, 640 (S.Ct. 1991); Conn. V. Doehr, 501 U.S. 1, 4 (S.Ct. 1991).  A civil rights violation arises from a deprivation of property interest under color of law without due process.  Dykes v. SEPTA, 68 F.3d 1564, 1570 (C.A.3 1995).

Defendant cites Independent Enterprises, for the proposition that Defendant's lost expectation interest does not suffice towards a "legitimate claim of entitlement."  Independent Enterprises, Inc. v. Pittsburgh Water & Sewer Authority, 103 F.3d 1165 (C.A.3 1997).  Likewise, Defendant sites Eiland for the proposition that failure of possessory interest likewise renders Plaintiff's unlawful seizure claim without standing.  Eiland v. Jackson, 34 Fed. Appx. (C.A.3 2002).[6]

As to Independent Enterprises, the Third Circuit held Plaintiff's "legitimate claim of entitlement" not there met for failure of there Appellant to cite to existing rules or understanding stemming from an independent source.  Id., at 1177 (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (S.Ct. 1972)).  There, Appellant cited only to Pennsylvania's competitive bidding statutes.  Independent Enterprises, Inc., at 1178.  Independent Enterprises cited Regional Scaffolding & Hoisting Co. v. City of Philadelphia, 593 F.Supp. 529, 534 (E.D. Pa. 1984) for the proposition that there exists no due process cause of action for violation of competitive bidding procedures for "'disappointed bidders' *who are not also taxpayers*."  Id. (emphasis added).

However, Plaintiff is pleaded as a taxpayer.  Further, distinguishable from Independent Enterprises, Plaintiff is pleaded (or it can be reasonable/inferred per Fowler, *supra*.) that Plaintiff

---

[6] Notably, *infra*., Independent Enterprises reversed the District Court dismissal of there Plaintiff's equal protection claims.

is more than a "disappointed bidder"; on the contrary, Plaintiff was a successful prior bidder but for instant Defendant's retaliation.  To wit, the FAC can be reasonably inferred to have pleaded (or discovery is required) that Plaintiff would have been awarded the contracts but for Defendant's machinations.

Thereafter Independent Enterprises, the Pennsylvania Commonwealth Court reiterated that Pennsylvania does recognize a property interest or injury to a disappointed bidder who is a taxpayer.  Black Ash Services, Inc. v. DuBois Area School Dist., 764 A.2d. 672, 675 n.5 (Pa.Cmwlth. 2000) (citing J. P. Mascaro & Sons, Inc. v. township of Bristol, 505 A.2d 1071 (1986)).

Distinguishing Independent Enterprises, the Third Circuit thereafter held there may exist a substantive due process claim contemporaneously pending with a procedural due process claim "upon allegations that the government deliberately and arbitrarily abused its power" where the Plaintiff has been deprived of a "particular quality of property interest."  Boyanowski v. Capital Area Intermediate Unit, 215 F.3d. 396, 403 (C.A.3. 2000) (quoting Independent Enterprises, at 1179).

Citing Boyanowski, Israel v. Superintendent of S.C.I. Fayette held that substantive due process does not require a liberty/property interest in order to be violated.  Israel, 2009 WL 693248, *8 (W.D. Pa. 2009) (internal citations omitted).

Citing Independent Enterprises, TriState HVAC Equipment, LLP v. Big Belly Solar, Inc. relied on tortuous interference state law cause to clarify that only "a reasonable likelihood that the (contractual) relationship would have occurred but for the Defendant's interference" is required. TriState HVAC Equipment, LLP, 836 F.Supp.2d. 274, 284 n.10 (E.D.Pa. 2011) (internal quotation omitted).

In harmony with all the aforesaid citations (including <u>Independent Enterprises</u>), with application of Pennsylvania Law, Plaintiff's lost expectation interest is more than mere "speculation"; indeed, Plaintiff has pleaded that he has received such contracts in the past. Further, Plaintiff is a taxpayer.

Notwithstanding Defendant is incorrect as a matter of law and upon the FAC (as well as its implications per <u>Fowler</u>), whether Plaintiff would have been awarded the contract and what the exact processes used by Defendant to preclude same is a matter for discovery - inappropriate upon a Motion to Dismiss.

As to Plaintiff's standing, Defendant's own citation of <u>Independent Enterprises</u>, as referenced above, undermines Defendant's own contention.

<u>Eiland</u> is inapposite - <u>Eiland</u> regarded an improper search warrant execution wherein that Plaintiff was not even home and was a non-owner resident.  Likewise inapposite, Defendant's citation to <u>Golden Eagle</u> involves seizure of a liquor license – which was held by the Liquor Control Board in suspense.  <u>Golden Eagle Tavern, Inc. v. City of Lancaster</u>, 2014 WL 881139 (E.D. Pa. 2014).

In all, Plaintiff has a substantive and procedural due process cause for his lost expectation interest in the previously awarded contracts for which he was the highest bidder but for Defendant's subversion consistent with Plaintiff's prior like contracts in contrast to the prototypical disappointed bidder whose expectation interest was speculative.  Plaintiff has standing – an even lower threshold.  To the extent <u>Boyanowski</u> was held less compelling than <u>Independent Enterprises</u>, this instant action presents facts likewise distinguishing <u>Independent Enterprises</u> as *more compelling*.  To that end, <u>Independent Enterprises</u> - applying state law - was not recognized by the State Court in <u>Black Ash</u> whereupon <u>TriState HVAC's</u> reasonable

expectation test as borrowed from the tort of intentional interference with a contractual relationship should be here standard.

All said, the procedures implicit as well as the weight of Plaintiff's expectation interest requires discovery.

C.    *Plaintiff is Similarly Situated*

"Plaintiff was intentionally treated differently than others similarly situated." (FAC, ¶50).

As illustrative of the contemporaneously pending case against instant Defendant (*see*, n.2), it can be reasonably inferred and is, in fact, pleaded that Plaintiff is similarly situated.  To the extent this Honorable Court holds differently, Plaintiff respectfully requests leave to amend so to incorporate that contemporaneously pending separate action towards an Amended Complaint as well as an averment of similar situation.

Indeed, taking the complaint as a whole (which this Honorable Court respectfully must), the fact that Plaintiff was equal protection targeted is precisely what gives rise to the gravamen of this action:  he was treated differently from others similarly situated because of his political campaign against Johnson.  For Defendant to argue Plaintiff does not plausibly plead or cannot be reasonably inferred that the FAC stands for the proposition that Plaintiff was treated differently is disingenuous as the FAC is far more plausible than the implausibility briefly suggested by Defendant's citation to Perano.  Perano v. Township of Tilden, 423 Fed.Appx. 234, 238-239 (C.A.3 2011).

D.    *Monell*

Defendant's contention that Plaintiff's *Monell* count must fail for failure of specificity is likewise disingenuous – the FAC as well as all reasonable inferences therefrom taken in the light most favorable to Plaintiff, and all (if any) missing elements left for discovery which could

ultimately be proven per <u>Fowler</u>, clearly negates Defendant's premise of insufficient specificity. Plaintiff's complaint is more than a "mere recitation of the elements" - it is the specific chronology and factual elucidation of Johnson's unlawful exercise in his official capacity of a veto and/or subversion of sales of vacant city-owned properties without any type of hearing or notice in retaliation for Plaintiff's political challenge. (FAC, ¶63).

While Defendant's throw-in *Monell* challenge may assist the City in other types of §1983, et al., related claims, it must fail here.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

**WEISBERG LAW**

<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORI FEIBUSH | : | |
| 2054 South Street | : | NO.:   14-3947 |
| Philadelphia, PA 19146 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KENYATTA JOHNSON, individually | : | |
| and in his Official Capacity as | : | |
| City of Philadelphia Councilman | : | |
| for the Second District | : | **JURY TRIAL DEMANDED** |
| City Hall, Room 580 | : | |
| Philadelphia, PA 19107-3290 | : | |
| | : | |
| And | : | |
| | : | |
| JOHN DOES 1-10 | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 12th day of January, 2015, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum of Law in Support thereof was served via e-filing, upon the following parties:

John J. Coyle, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff