IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ORI FEIBUSH,**<br>　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**KENYATTA JOHNSON et al.,**<br>　　　　　　**Defendants.** | CIVIL ACTION<br><br>NO. 14-3947 |

## ORDER

**AND NOW**, this 20th day of March, 2015, upon consideration of Defendant Kenyatta Johnson's Partial Motion to Dismiss [ECF No. 11] and the Plaintiff's Response in Opposition thereto [ECF No. 16], **IT IS ORDERED** that:

(1) the motion to dismiss Count One (selective enforcement) and Count Four (equal protection) of the First Amended Complaint is **GRANTED**; Counts One and Four are **DISMISSED WITHOUT PREJUDICE**;[1]

(2) the motion to dismiss Count Two (abuse of process) of the First Amended Complaint is **GRANTED**; Count Two is **DISMISSED WITHOUT PREJUDICE**;[2]

(3) the motion to dismiss Count Three (procedural due process) of the First Amended Complaint is **DENIED**;[3]

(4) the motion to dismiss Count Three (substantive due process) of the First Amended Complaint is **GRANTED**;[4]

(5) the motion to dismiss Count Five (unlawful seizure) of the First Amended Complaint is **DENIED**;[5]

(6) The motion to dismiss Count Seven (*Monell*) of the First Amended Complaint is **DENIED**;[6] and

(7) the Plaintiff shall be granted leave to file a second amended complaint, which shall be filed no later than fourteen (14) days from the date of this Order.

BY THE COURT:

/S/WENDY BEETLESTONE, J.

_____
**WENDY BEETLESTONE, J.**

---

[1] Plaintiff's claims of selective enforcement (count one) and equal protection (count four) both require a plausible factual allegation that the Plaintiff is similarly situated to other individuals. *See PG Publ'g Co. v. Aichele*, 705 F.3d 91, 115 (3d Cir. 2013) (selective enforcement); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (equal

protection). To be "similarly situated," the individuals must be "alike in all relevant aspects." *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation marks omitted). "At the motion to dismiss stage, [the plaintiff] must allege facts sufficient to make plausible the existence of such similarly situated parties." *Perano v. Township of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) (citation omitted).

Feibush alleges that after Councilman Johnson blocked him from buying city-owned properties he allowed nearby properties to be sold to "other private developers" who, he says, were similarly situated to him "in that they were all builders in the same area who collectively bid on the subject properties." Am. Compl. ¶¶ 23, 26-27, 37. A bald "assertion that other entities are of the same general category as plaintiff [*e.g.*, developers] and engaged in the one similar incidence of conduct giving rise to plaintiff's cause of action [*e.g.*, bidding on properties]" is insufficient to survive a motion to dismiss. *Buck Foston's New Brunswick LLC v. Cahill*, No. 11-3731, 2013 WL 5435289, at *26 (D.N.J. Sept. 27, 2013). Feibush must allege facts sufficient to show that these developers exist *and* that they are similarly situated to him "in *all* relevant aspects." *Startzell*, 533 F.3d at 203 (emphasis added); *see also Perano*, 423 F. App'x at 238-39.

[2] Councilman Johnson contends that Feibush fails to state a claim for abuse of process because he has not alleged that Councilman Johnson ever used "legal process" against him. Mot. at 6. Feibush counters that his allegation that Johnson intended to use councilmanic prerogative to "suborn zoning approval towards other non-qualified bidders" is such a use of legal process. Pl.'s Opp'n at 11-12. "The tort of 'abuse of process' is defined as the use of legal process against another 'primarily to accomplish a purpose for which it is not designed.'" *Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. Super. Ct. 1993). The word "process," is interpreted broadly to encompass "the entire range of procedures incident to the litigation process," including challenges before a zoning board. *General Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 310 (3d Cir. 2003). Feibush has alleged that one of the city's requests for proposals required conforming single-family units, but the winning developer's proposal was for nonconforming multi-family units. Am. Compl. ¶ 29. Feibush alleges that, "[u]pon information and belief, Defendant promised the winning developer that Defendant would help obtain zoning compliance after a successful bid." *Id.* There is no allegation in the Amended Complaint that the Councilman did more than make a promise to another developer to obtain zoning compliance. More specifically, the Plaintiff does not allege that the Councilman took any action at the zoning board. This warrants dismissal of Count Two but with leave to amend.

[3] To state a claim for deprivation of procedural due process rights, the plaintiff must allege, *inter alia*, that he was deprived of a protected property interest. *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006); *see also Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139-40 (3d Cir. 2000). An interest in being awarded a public contract as the low bidder is generally not a fundamental property interest, *see Indep. Enter. Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1177-80 (3d Cir. 1997), but land ownership is clearly deserving of such label. *See Worth & Co. v. Getzie*, 11 F. Supp. 3d 484, 492 (E.D. Pa. 2014). Many of Feibush's allegations fall more on the "interest in being awarded a public contract" side of the continuum than on the land ownership side. In one instance, however, Feibush alleges that he submitted the highest bid for city-owned properties on the 1300 block of South Cleveland Street. Am. Compl. ¶ 20. The City accepted his bid and notified him that he had been selected as the developer for the site, and, in reliance on this communication, Feibush purchased private lots on the same block and incurred development costs. *Id.* ¶ 21. Then, he alleges that, in April 2014, Councilman Johnson "unilaterally stopped the sale—claiming the South Cleveland Street properties were to be used for 'affordable housing.'" *Id.* Viewing all reasonable inferences in the light most favorable to the Plaintiff, this set of allegations could plausibly give rise to a procedural due process claim, as Feibush may be able to prove that he possessed a property interest in the contract to develop the South Cleveland Street lots he was told he was awarded by the City. *Cf. Neiderhiser v. Borough of Berwick*, 840 F.2d 213, 217 (3d Cir. 1988) ("[I]f [a plaintiff] can successfully demonstrate that the [town] arbitrarily and irrationally denied the [zoning] exemption, visiting a constitutional deprivation on [the plaintiff], then [the plaintiff] may prevail on its due process claim.").

[4] To state a substantive due process claim, a plaintiff must plead not only that he has a fundamental property interest but also that the defendant's action "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *see also Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). Only "the most egregious official conduct" can be said to "shock[] the conscience." *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004). An allegation of "improper motive," cannot, without more, survive a motion to dismiss. *Brace v. County of Luzerne*, 535 F. App'x 155, 159 (3d Cir. 2013); *see also DB Enter. Devs. & Builders, Inc. v. Micozzie*, 394 F. App'x 916, 919 (3d Cir. 2010). Feibush has not alleged facts in the Amended Complaint that any of the Councilman's Actions

"shock the conscience" sufficient to state a claim for deprivation of his substantive due process rights or to suggest that adding allegations to the Complaint would fix the deficit.

[5] Under the Fourth Amendment, a "seizure" of property "occurs when there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook County*, 506 U.S. 56, 61 (1992) (citation and internal quotation marks omitted).  A plaintiff has standing to bring a Fourth Amendment claim when "the disputed . . . seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect." *Rakas v. Illinois*, 439 U.S. 128, 140 (1978).  The Court finds that the analysis in note 3, *supra*, on Feibush's procedural due process claim also applies to show that Feibush has sufficiently stated a claim for unlawful seizure under the Fourth Amendment:  It is plausible that he will be able to prove he had a property interest (however brief) in developing the South Cleveland Street property awarded in the City contract before the contract was allegedly stymied by the Defendant.  The Court also finds that he has asserted a property interest sufficient to have standing to state this claim.

[6] *Monell v. Department of Social Services*, 436 U.S. 658 (1978) provides that "plaintiffs may not rely on a theory of respondeat superior to impose liability on municipalities." *Brown v. City of Pittsburgh*, 586 F.3d 263, 292 (3d Cir. 2009).  But liability may be imposed when lawmakers act pursuant to a government policy or custom.  "Policy is made when a decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict.  A course of conduct is considered to be a 'custom' when, though not authorized by law, such practices of state officials [are] so permanently and well-settled as to virtually constitute law." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted).  Feibush alleges that the basis of his *Monell* claims is Councilman Johnson's use of his councilmanic prerogative to allegedly deny him contracts to purchase city-owned land.  Councilmanic prerogative as alleged could fairly be said to represent official policy or custom. *Waterfront Renaissance Assocs. v. City of Philadelphia*, 701 F. Supp. 2d 633, 642 n.8 (E.D. Pa. 2010).