IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ORI FEIBUSH,**<br>　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**KENYATTA JOHNSON and JOHN DOES 1-10,**<br>　　　　　**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 14-3947** |

# O R D E R

**AND NOW**, this 8th day of March, 2016, upon consideration of Defendant's Motion for Summary Judgment (ECF No. 39), Plaintiff's Response in Opposition thereto (ECF No. 43), Defendant's Reply in Support thereof (ECF No. 46), Plaintiff's Motion for Partial Summary Judgment (ECF No. 38), Defendant's Response in Opposition thereto (ECF No. 44), and oral argument held on February 1, 2016, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment is **GRANTED** as to Count I (Equal Protection), Count III (Due Process), Count IV (Equal Protection), Count V (Fourth Amendment), and Count VI (First Amendment). These claims are **DISMISSED WITH PREJUDICE**;[1]

---

[1] Plaintiff asserts that Defendant, who is a Philadelphia City Councilman, violated his First Amendment rights by refusing to introduce a resolution to finalize the sale to Plaintiff of City-owned land for which Plaintiff had been the winning bidder in a competitive bidding process. S*ee Bag of Holdings, LLC v. Johnson*, No. 14-CV-6774, 2016 WL 852011 (E.D.Pa. Mar. 3, 2016) (discussing Philadelphia's land sale policies and practices). Defendant seeks summary judgment on these claims on both qualified and legislative immunity rubrics.

Legislative immunity shields officials from suit for actions that are both substantively and procedurally legislative in nature. *See Acierno v. Cloutier*, 40 F.3d 597, 610 (3d Cir. 1994). "[D]rafting, introducing, debating, passing, or rejecting legislation" are all activities protected by legislative immunity. *Baraka v. McGreevey*, 481 F.3d 187, 196 (3d Cir. 2007); *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998). A court cannot inquire into an official's motive or intent when determining whether an act is legislative in nature. *Bogan*, 523 U.S. at 54.

2. Defendant's Motion for Summary Judgment is **DENIED** as to Count VII (*Monell*); [2]

3. Plaintiff's Motion for Partial Summary Judgment is **DENIED**.[3]

BY THE COURT:

/S/WENDY BEETLESTONE, J.

**WENDY BEETLESTONE, J.**

---

Here, the conduct of which Plaintiff complains is Councilman Johnson's failure to introduce a resolution approving the sale of the land to Plaintiff – which is a quintessentially legislative act. *See* Am. Compl. at ¶20-22; Joint Appendix ("JA") 223-24, 403-04; *Baraka*, 481 F.3d at 196. Any procedural deficiencies identified by Plaintiff were "mere technical violation[s]" that do not convert an otherwise legislative act into an administrative one. *Acierno*, 40 F.3d at 614 (a court need only be "satisfied that the municipal body is acting pursuant to the basic legislative procedure"). Accordingly, Plaintiff's Motion for Partial Summary Judgment must be denied, and summary judgment shall be granted in Defendant's favor as to Counts I (Equal Protection), III (Due Process), IV (Equal Protection), V (Fourth Amendment), and VI (First Amendment).

[2] Plaintiff asserts a municipal liability claim pursuant to *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). To make out a prima facie case under *Monell*, Plaintiff must show that his constitutional rights were violated and that a municipal custom or a policy was the "moving force" behind his injuries. *Board of County Cm'rs of Bryan County v. Brown*, 520 U.S. 397, 400 (1997); *see also Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

Plaintiff has presented evidence from which a reasonable jury could conclude that Plaintiff's First Amendment rights were violated: (1) Plaintiff engaged in protected political speech when he challenged Defendant for elected office; (2) Plaintiff was denied the sale of City-owned property by Defendant's failure to introduce a resolution into City Council approving the sale; and (3) statements made by Defendant and the temporal proximity of events evince a causal connection between Plaintiff's protected activities and the denial of the sale. JA 41-44, 83, 115, 224, 275, 293, 404, 411-412, 498-512; *see also Lauren W. ex rel Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (discussing elements of a First Amendment retaliation claim).

Plaintiff has also identified Defendant as the municipality's authorized decisionmaker and presented evidence of the "councilmanic prerogative," a City Council custom. The prerogative operates as an unofficial veto; whatever the outcome of a competitive bidding process, a councilmember may prevent the sale of a parcel of land in his district by declining to introduce the requisite resolution to the City Council. JA 66-68, 254, 259, 483, 729; *see also Bag of Holdings, LLC*, 2016 WL 852011. Based on the record evidence, a reasonable jury could conclude that the councilmanic prerogative was the moving force behind the alleged constitutional deprivation. *Board of County Cm'rs of Bryan County*, 520 U.S. at 404-06. Accordingly, summary judgment must be denied.

[3] Plaintiff moves for summary judgment on Counts 1, IV, and VI each of which claims has been dismissed for the reasons set forth above.