## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ORI FEIBUSH | : |
|       Plaintiff, | : |
|       v. | :   Civil Action No. 14-CV-3947 |
| KENYATTA JOHNSON | : |
|       Defendant. | : |
|  | : |

## PLAINTIFF'S PRETRIAL MEMORANDUM

**A.    Summary of the case.**

    This is a First Amendment retaliation case.  Philadelphia City Councilman Kenyatta Johnson exercised his executive veto power to terminate the sale of a property to a Philadelphia real estate developer, Ori Feibush, who was the winning bidder for the property at a competitive sale. What crime did Feibush commit to draw this punishment from Councilman Johnson? Engaging in the most sacrosanct forms of speech – political speech – and declaring his intention to challenge Councilman Johnson for office.

    In the Spring of 2014, the Philadelphia Redevelopment Authority notified Feibush that he was the winning bidder for a parcel of property located at 1316-18 South Cleveland Street in Philadelphia.  This meant that among the other bidders Feibush had offered to pay the City of Philadelphia the most for the properties.  As required by the City Code, Councilman Johnson needed to introduce a resolution into Philadelphia City Council before the sale to Feibush could be finalized. The process matriculated to the point that the City of Philadelphia drafted a resolution for Councilman Johnson to introduce finalizing the sale.

    The introduction of a resolution approving the sale of property is ordinarily *pro forma*. However, this resolution was not ordinary.  Rather, it was a resolution approving the sale of property to Councilman Johnson's political enemy, Feibush, who Councilman Johnson's director

of land disposition stated was "politically motivated, that he's out to make a buck, that he's out to make a profit, out to make a buck. He think's he's greedy, that he's not very friendly" and for him he had a "strong, strong dislike or distaste." Therefore, Councilman Johnson did something he has never done before – or since – he refused to introduce a resolution approving the sale of City owned property to an individual.

Councilman Johnson's actions have a chilling effect on core First Amendment speech. Councilman Johnson was not only sending a clear message to Feibush, but also to anyone who dared follow in his footsteps: speak out and the door on property sales is shut to you. Any reasonable developer that wished to purchase lots in Councilman Johnson's Second District dare not speak out against him.

**B.    Stipulations of the Parties**

A joint stipulation of facts will be submitted at the time of Defendant's pre-trial memorandum.

**C.    Witness List**

1.    Ori C. Feibush ("Feibush"). Feibush is the plaintiff. Feibush will testify about his successful bid for the Cleveland Street Properties and the City's subsequent representations regarding his successful bid. Feibush will testify about the costs he incurred in preparing to purchase the Cleveland Street Properties. Feibush will testify about his history with Kenyatta Johnson, his run for office against Johnson, the comments he has made that are critical of Johnson and his conversations with Brian Abernathy following the cancellation of the sale of the Cleveland Street Properties.

2.    Kenyatta Johnson ("Johnson"). Johnson will testify about his history with Feibush and the comments that Feibush has made about him. Johnson will testify about Councilmanic prerogative. Johnson will testify about his decision to cancel the sale of the Cleveland Street Properties. Johnson will testify about the lack of similar cancellations, the deliberation process to cancel the sale. Johnson will also testify about the City sale process.

3.    Steve Cobb, Esquire ("Cobb"). Cobb will testify about the City Land Sale process and his role in it with Johnson. Cobb will testify about the decision to cancel the sale of the Cleveland Street Properties to Feibush. Cobb will testify about his personal feelings towards Feibush.

4. Brian Abernathy ("Abernathy").   Abernathy will testify about Councilmanic prerogative and Johnson's use (abuse) of the Councilmanic prerogative.   Abernathy will testify about Johnson's and Cobb's personal opinions towards Feibush, especially after Feibush announced his electoral challenge to Johnson.

5. Susie Jarmon ("Jarmon").   Jarmon will testify about the approval of the sale of the Cleveland Street Properties to Feibush.   Jarmon will testify about the cancellation of the sale of the Cleveland Street Properties to Feibush.

**C.    Expert witness.**

None.

**D.    Designation of Deposition Testimony**

None.

**E.    Plaintiff's Exhibits**

1. Email from Mark Nevins to Kenyatta Johnson dated July 16, 2014 (Edisc 06142-06143)

2. Emails from Steve Cobb, Esquire to Kenyatta Johnson dated July 16, 2014 (Edisc 06141-06413)

3. Email from Victor Fiorillio to Steven Cobb, Esquire dated June 27, 2014 (Edisc 06314-06315)

4. Email from Steven Cobb, Esquire to kriz1390@yahoo.com dated September 28, 2012 (Edisc 06787)

5. Email from Kenyatta Johnson to Steve Cobb dated September 27, 2013 (Edisc07082-07083)

6. Email from Kenyatta Johnson to Steve Cobb dated September 27, 2013 (Edisc07084-07085)

7. Email from Mark Nevins to Steven Cobb dated July 18, 2014 (Edisc 08883)

8. Email from J. Mathew to Kenyatta Johnson dated November 23, 2012 (Edisc 09410)

9. Exhibit Cobb 18 from deposition of Steven Cobb (PRA01729-001731)

10. Exhibit Jarmon 3 from deposition of Susie Jarmon (PRA001807)

11. Checks to Gabe Deck (architect)

12. Any exhibit listed on defendant's pre-trial memorandum.

**F.     Claimant's Itemization of Damages**

1. Architectural costs:          $2,132.58
2. Legal costs to acquire property:   $8,000
3. Lost anticipated profit:      $244,400
4. Legal fees under 42 U.S.C. § 1988:     $48,552 (not including trial preparation and trial)

**TOTAL DAMAGES:          $303,084.58**

**H.     Anticipated Legal Issues**

The following legal issues may need to be decided if no stipulation is reached:

1. A jury instruction that Councilman Kenyatta Johnson acted under color of state law.

2. A jury instruction that councilmanic prerogative is an official custom and practice of the City of Philadelphia.

**I.      Points for Charge and Verdict Form**

Plaintiff's proposed points for charge are attached at Exhibit "A."  Plaintiff's proposed verdict form is attached at Exhibit "B."

**ZIMOLONG, LLC.**

Date: **April 18, 2016**                    BY:*/s/ Walter S. Zimolong, Esquire*
                                                    Walter S. Zimolong, Esquire
                                                    wally@zimolonglaw.com

                                                    1429 Walnut Street, Suite 1201
                                                    Philadelphia, PA  19102
                                                    Tele: 215-665-0842/Fax:  215-689-3403
                                                    Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORI FEIBUSH | : |
|    Plaintiff, | : |
|       v. | :   Civil Action No. 14-CV-3947- |
| KENYATTA JOHNSON, ET. AL. | : |
|      Defendants. | : |
| | : |
| | : |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify the foregoing Pre-Trial Memorandum has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania. I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

**ZIMOLONG, LLC.**

Date: **April 18, 2016**            BY:*/s/ Walter S. Zimolong, Esquire*
                                   Walter S. Zimolong, Esquire
                                   wally@zimolonglaw.com

                                   1429 Walnut Street, Suite 1201
                                   Philadelphia, PA  19102
                                   Tele: 215-665-0842/Fax:  215-689-3403
                                   Attorneys for Plaintiff

# EXHIBIT "A."

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORI FEIBUSH | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-CV-3947 |
| KENYATTA JOHNSON | : | |
| Defendant. | : | |
| | : | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**Proposed Jury Instruction No. 1**


Plaintiff, Ori. C. Feibush ("Ori") is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their constitutional rights under color of state law

**Third Circuit Federal Model Jury Instruction 4.1**

**Proposed Jury Instruction No. 2**

This is a civil case. Ori is the party who brought this lawsuit. The Defendant is the City of Philadelphia, who is the party against which the lawsuit was filed.  Ori has the burden of proving his case by what is called the preponderance of the evidence.  That means he has to prove to you, in light of all the evidence, that what he claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to him and the evidence favorable to the City of Philadelphia on opposite sides of the scales, Ori would have to make the scales tip somewhat on his side.  If he fails to meet this burden, the verdict must be for the City. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**Third Circuit Federal Model Jury Instruction 1.10**

**Proposed Model Jury Instruction No. 3**

Ori must prove both of the following elements by a preponderance of the evidence:

First:  Councilman Kenyatta Johnson acted under color of state law.

Second: While acting under color of state law, Councilman Kenyatta Johnson deprived Ori of a federal constitutional right to freedom of speech.

I will now give you more details on action under color of state law, after which I will tell you the elements Ori must prove to establish the violation of his federal constructional right to free speech.

**Third Circuit Federal Model Jury Instruction 4.3**

**Proposed Jury Instruction No. 4**

Because Councilman Kenyatta Johnson was an official of City of Philadelphia at the relevant time, I instruct you that he was acting under color of state law.  In other words, this element of Ori's claim is not in dispute, and you must find that this element has been established.

**Third Circuit Federal Model Jury Instruction 4.4.1 (Version A)**

**Proposed Jury Instruction No. 5**

I have already instructed you that Council Kenyatta Johnson was acting under the color of state law

The second element of Ori's claim is that the Councilman Kenyatta Johnson deprived him of a federal constitutional right.

In this case, the Ori alleges the defendant deprived him of his rights under the First Amendment to the Constitution when Councilman Kenyatta Johnson cancelled the sale of two properties to Ori because of Ori's publicly critical comments about Councilman Kenyatta Johnson and because of Ori's decision to challenge Councilman Kenyatta Johnson for office.

Under the First Amendment, a citizen has the right free speech. In order to prove the Councilman Kenyatta Johnson deprived the Ori of this First Amendment right, Ori must prove the following additional elements by a preponderance of the evidence:

1. Ori engaged in political speech protected under the First Amendment;

2. Councilman Kenyatta Johnson took action against the plaintiff; and

3. Ori's speech critical of Councilman Kenyatta Johnson was a substantial or motivating factor for the defendant's action.

I instruct you that Ori's comments about Councilman Kenyatta Johnson and his decision to challenge Councilman Kenyatta Johnson was protected under the First Amendment and, therefore, the first element requires no proof.  However, you still must decide whether Ori has established the remaining two factors.

A substantial or motivating factor is a significant factor.

**Third Circuit Federal Model Jury Instruction 4.5 and**
**Ninth Circuit Federal Model Jury Instruction 9.10**

**Proposed Jury Instruction No. 6**

If you find that Ori was deprived of First Amendment free speech rights, the City of Philadelphia is liable for that deprivation if Ori proves by a preponderance of the evidence that the deprivation resulted from the City of Philadelphia's official policy or custom – in other words, that the City of Philadelphia's official policy or custom caused the deprivation.

It is not enough for Ori to show that the City of Philadelphia employed a person who violated his First Amendment free speech rights. Ori must show that the violation resulted from the City of Philadelphia's official policy or custom. "Official policy or custom" includes any of the following:

1       a rule or regulation promulgated, adopted, or ratified by the City of Philadelphia's legislative body;

2.      a policy statement or decision that is officially made by Councilman Kenyatta Johnson;

I will now proceed to give you more details on each of the ways in which Ori may try to establish that an official policy or custom of the City of Philadelphia caused the deprivation.

**Third Circuit Federal Model Jury Instruction 4.6.3**

**Proposed Jury Instruction No. 7**

In this case, there was an ordinance that authorized the action which forms the basis for Ori's claim.  I instruct you to find that the City of Philadelphia caused the action at issue.

**Third Circuit Model Jury Instruction 4.6.4**

**Proposed Jury Instruction No. 8**

Philadelphia City Council is a policymaking entity whose actions represent a decision by the government itself.  The same is true of an official or body to whom the City Council has given final policymaking authority:  The actions of that official or body represent a decision by the government itself.

Thus, when City Council or Kenyatta Johnson make a deliberate choice to follow a course of action, that choice represents an official policy.  Through such a policy, the Philadelphia City Council or the Kenyatta Johnson may cause a violation of a federal right by:

- directing that the violation occur,
- authorizing the violation, or
- agreeing to a subordinate's decision to engage in the violation.

I instruct you that Kenyatta Johnson and Steven Cobb, Esquire are policymakers whose deliberate choices represent official policy.  If you find that such an official policy was the cause of and the moving force behind the violation of Ori's First Amendment free speech rights, then you have found that the City of Philadelphia caused that violation.

**Third Circuit Federal Model Jury Instruction 4.6.5**

**Proposed Jury Instruction No. 9**

Ori may prove the existence of an official custom by showing the existence of a practice that is so widespread and well-settled that it constitutes a standard operating procedure of City of Philadelphia.  A single action by a lower level employee does not suffice to show an official custom.  But a practice may be an official custom if it is so widespread and well-settled as to have the force of law, even if it has not been formally approved.

If you find that such an official custom was the cause of and the moving force behind the violation of Ori's First Amendment rights, then you have found that City of Philadelphia caused that violation.

**Third Circuit Federal Model Jury Instruction 4.6.6**

**Proposed Jury Instruction No. 10**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the City of Philadelphia should be held liable.

If you find the City of Philadelphia liable, then you must consider the issue of compensatory damages.  You must award Ori an amount that will fairly compensate him for any injury he actually sustained as a result of Councilman Kenyatta Johnson's conduct.

Ori must show that the injury would not have occurred without Councilman Kenyatta Johnson's act. Ori must also show that Councilman Kenyatta Johnson's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of his act.

Compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.  Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Ori claims the following items of damages:

- The reasonable expenses incurred in preparing the properties for purchase, development, and sale;

- The anticipated profit on the sale of the properties.

- The reasonable value of legal services that Ori incurred in prosecuting this action.

**Third Circuit Model Jury Instruction 4.8.1**

**Proposed Jury Instruction No. 11**

If you return a verdict for Ori, but Ori has failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury.  Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

**Third Circuit Model Federal Jury Instruction 4.8.2**


                                        **ZIMOLONG, LLC**.


Date:   April 18, 2016                  BY:*/s/ Walter S. Zimolong, Esquire*
                                        Walter S. Zimolong, Esquire
                                        wally@zimolonglaw.com

                                        1429 Walnut Street, Suite 1201
                                        Philadelphia, PA  19102
                                        Tele: 215-665-0842/Fax:  215-689-3403
                                        Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ORI FEIBUSH** | : |
| **Plaintiff,** | : |
| v. | : **Civil Action No. 14-CV-3947-** |
| **KENYATTA JOHNSON, ET. AL.** | : |
| | : |
| **Defendants.** | : |
| | : |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify the foregoing Proposed Jury Instructions has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania. I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

**ZIMOLONG, LLC.**

Date:  **April 18, 2016**

BY:*/s/ Walter S. Zimolong, Esquire*
Walter S. Zimolong, Esquire
wally@zimolonglaw.com

1429 Walnut Street, Suite 1201
Philadelphia, PA  19102
Tele: 215-665-0842/Fax:  215-689-3403
Attorneys for Plaintiff

# EXHIBIT "B."

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ORI FEIBUSH | : |
| Plaintiff, | : |
| v. | : Civil Action No. 14-CV-3947 |
| KENYATTA JOHNSON | : |
| Defendant. | : |
| | : |

**PLAINTIFF'S PROPOSED VERDICT FORM**

1.    Do you find that plaintiff Ori Feibush has proven that Councilman Kenyatta Johnson cancelled the sale of the Cleveland Street Properties to Ori Feibush?

ANSWER:    Yes _____          No _____

If NO, return to Courtroom.  If you answer YES, continue with Question 2.

2.    Do you find that Ori Feibush has proven that his speech critical of Councilman Kenyatta Johnson and his decision to challenge Kenyatta Johnson for office was a substantial or motivating factor in Councilman Johnson cancelling the sale of the Cleveland Street Properties to him?

ANSWER:    Yes ____          No _____

If NO, return to the Courtroom.  If you answer YES, continue with Question 3.

3.    Do you find that councilmanic prerogative is an official custom and practice of the City of Philadelphia?

ANSWER:    Yes ____          No _____

If NO, return to the Courtroom.  If you answer YES, continue with Question 4.

4.      Do you find that Councilman Kenyatta Johnson used councilmanic prerogative to cancel the sale to retaliate against Ori Feibush because of Ori Feibush critical comments about him and Ori Feibush's decision to challenge Councilman Johnson for office?

ANSWER:      Yes _____                          No _____

If NO, return to Courtroom.  If you answer YES, continue to Question 5.

5.      Do you find that Councilman Kenyatta Johnson's actions caused damage to Ori Feibush?

ANSWER:      Yes _____                          No _____

If No, return to Courtroom.  If YES, continue to Question 6.

6.   State the amount of damages Ori Feibush has sustained.

Damages:_____

RETURN TO COURTROOM.