# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORI FEIBUSH,<br>            Plaintiff,<br><br>    v.<br><br>KENYATTA JOHNSON and JOHN DOES 1-10,<br>            Defendants. | CIVIL ACTION<br><br><br><br>NO. 14-3947 |

## ORDER

AND NOW, this 2nd day of May, 2016, upon consideration of Defendant, Kenyatta Johnson's Motion to Amend Caption (ECF No. 57) and Plaintiff, Ori Feibush's, Response in Opposition thereto (ECF No. 64), it is hereby **ORDERED** that the Motion is **DENIED**.

                            **BY THE COURT:**

                            **/s/ Wendy Beetlestone**
                            _____
                            **Wendy Beetlestone, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORI FEIBUSH | : |
|     Plaintiff, | : |
|     v. | :   Civil Action No. 14-CV-3947 |
| KENYATTA JOHNSON | : |
|     Defendant. | : |
| | : |

**REPLY IN OPPOSITION TO MOTION TO AMEND CAPTION**

Plaintiff, Ori Feibush ("Feibush") files this reply in opposition to the Defendants' Motion to Amend the Caption of the Complaint and avers as follows:

Defendants move to amend the caption of the complaint to remove any mention of Councilman Kenyatta Johnson. Defendants request is based upon a concern about a misunderstanding by the jury and the public about the remaining claim for municipal liability.

First, Feibush opposes the motion because the only party that would be prejudiced by the amended caption would be Feibush. Councilman Johnson is the bad actor that used the official custom and practice of the City of Philadelphia, councilmanic prerogative, to violate Feibush's First Amendment rights. Without Councilman Johnson's action, there is no claim against the City of Philadelphia. Accordingly, removing Councilman Johnson would be to only way to confuse the jury because it would not have a person to identify as the person committing the bad acts. Instead, the jury would be potential misled that some City of Philadelphia policy per se, rather than the policy as used by Councilman Johnson, resulted in the violation of Feibush's constitutional rights.

Second, Feibush would be prejudiced because following the jury's verdict Feibush may chose to file an appeal of this Court granting of summary judgment to Johnson based on legislative immunity. If an appeal was successful and Councilman Johnson brought back into the case,

Feibush would be left in a procedural limbo on how to add Councilman Johnson back onto to the caption.

Finally, the potential that the public might be misled is not a basis to strike Councilman Johnson's name from the caption. There are a myriad of ways in which the lay public could be misled by any number of things in a lawsuit. If the Court were to be guided by concerns of the public at large, rather than prejudice to one of the parties, then the Rules of Civil Procedure and a host of other Court rules are rendered meaningless.

Accordingly, this Court should deny Defendants' request to amend the caption.

**ZIMOLONG, LLC.**

Date: **April 29, 2016**           BY:*/s/ Walter S. Zimolong, Esquire*
                                    Walter S. Zimolong, Esquire
                                    wally@zimolonglaw.com

                                    1429 Walnut Street, Suite 1201
                                    Philadelphia, PA  19102
                                    Tele: 215-665-0842/Fax:  215-689-3403
                                    Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ORI FEIBUSH : | |
|     Plaintiff, : | |
|         v. : | Civil Action No. 14-CV-3947- |
| KENYATTA JOHNSON, ET. AL. : | |
|         Defendants. : | |
| : | |

**CERTIFICATE OF SERVICE**

    I hereby certify the foregoing Pre-Trial Memorandum has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania. I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

                                          **ZIMOLONG, LLC.**

Date: **April 29, 2016**              BY:*/s/ Walter S. Zimolong, Esquire*
                                               Walter S. Zimolong, Esquire
                                               wally@zimolonglaw.com

                                               1429 Walnut Street, Suite 1201
                                               Philadelphia, PA  19102
                                               Tele: 215-665-0842/Fax:  215-689-3403
                                               Attorneys for Plaintiff