**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ORI FEIBUSH | : |
| Plaintiff, | : |
| v. | :   Civil Action No. 14-CV-3947 |
| KENYATTA JOHNSON | : |
| Defendant. | : |
| | : |

**ORDER**

AND NOW, this _____ day of June, 2016, upon consideration of Plaintiff's, Ori Feibush,

Motion for Attorneys Fees under 42 U.S.C. § 1988 and any response thereto, it is hereby

**ORDERED** that the Motion is **GRANTED** and Plaintiff is awarded attorneys fees in the amount

of **$116,393.12**, which includes a 25% loadstar enhancement.

BY THE COURT:

_____
Wendy Beetlestone, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ORI FEIBUSH | : |
| Plaintiff, | : |
| v. | :   Civil Action No. 14-CV-3947 |
| KENYATTA JOHNSON | : |
| Defendant. | : |
| | : |

**MOTION FOR AWARD OF ATTORNEYS FEES
UNDER 42 U.S.C. § 1988**

Plaintiff, Ori Feibush, files this Motion for Award of Attorneys Fees under 42 U.S.C. §

1988 and in support thereof relies upon the accompanying Memorandum of Law, Declaration of

Walter ("Wally") S. Zimolong III, Esquire; Declaration of Howard Silverman, Esquire, and

Declaration of Matthew Weisberg, Esquire.

**ZIMOLONG, LLC.**

Date: **May 22, 2016**                    BY:*/s/ Walter S. Zimolong, Esquire*
                                         Walter S. Zimolong, Esquire
                                         wally@zimolonglaw.com

                                         1429 Walnut Street, Suite 1201
                                         Philadelphia, PA  19102
                                         Tele: 215-665-0842/Fax:  215-689-3403
                                         Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ORI FEIBUSH | : |
| Plaintiff, | : |
| v. | :   Civil Action No. 14-CV-3947 |
| KENYATTA JOHNSON | : |
| Defendant. | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT MOTION FOR AWARD OF ATTORNEYS
UNDER 42 U.S.C. § 1988**

**I.      BACKGROUND**

Plaintiff, Ori Feibush ("Feibush"), commenced an action against Defendant, Kenyatta Johnson ("Johnson"), in his official capacity as a Philadelphia City Councilmember under 42. U.S.C. § 1983 because Johnson violated Feibush's First Amendment rights when he retaliated against Feibush because of Feibush's political challenge to him.  On May 12, 2016, a jury returned a verdict in favor of Feibush and against Johnson finding that Johnson retaliating against Feibush for engaging in protected political speech. The jury awarded Feibush $34,000 in damages.  On May 13, 2016, this Court entered judgment on the jury's verdict.

**II.      LEGAL ANALYSIS**

Under the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, the prevailing party in an action brought under 42 U.S.C. § 1983 is entitled to an award of reasonable attorneys fees incurred in the action.  "The plaintiff will be considered a prevailing party when he succeeds on 'any significant issue' that achieves some of the benefit the plaintiff sought in bringing suit." Federal Judicial Center, <u>Section 1983 Litigation</u>, at § XXII (Attorneys' Fees), p. 198 (2d ed.2008).   A prevailing plaintiff under a civil rights statutes should "ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."   <u>Ward v.</u>

Philadelphia Parking Auth., 2015 WL 263733, at *2 (E.D. Pa. Jan. 21, 2015), aff'd, No. 15-1433, 2015 WL 8124191 (3d Cir. Dec. 8, 2015)

There is no question that Feibush was the prevailing party in this litigation as a jury rendered a verdict in his favor.  Moreover, counsel for Feibush obtained a precedent setting result in vindicating their client's right to First Amendment protection.

Because there is no question that Feibush, as the prevailing party, is entitled to his attorneys fees and costs under 42 U.S.C. § 1988, the only question that remains is the reasonableness of the requested fee.  "[T]he calculation of the appropriate amount of attorney's fees begins with the lodestar, which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Ward,  2015 WL 263733, at *3.

In calculating hours, a court should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary." Id. at *8(citing Maldonado v. Houston, 256 F.3d 181 (3d Cir.2001). The determination inevitably requires "a fair amount of judgment calling based on [the Court's] experience with the case and its general experience as to how much time a case requires." Id. at *11 (quoting Bell v. United Princeton Properties, Inc., 884 F.2d 713 (3d.Cir. 1989).

Calculating a reasonable rate is a factual question determined by the evidence in the record and calculated according to according to "the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id.

**a.  Total number of hours.**

As the first prong of the lodestar analysis, counsel for Feibush is requesting reimbursement for a total of 187.1 hours worked on this litigation.  Attached at Exhibit A is a Declaration of

Attorney Walter "Wally" S. Zimolong, III ("Attorney Zimolong"), trial counsel for Feibush. Attorney Zimolong's declaration attests to the number of hours he spent on this litigation and attaches a spreadsheet of hours worked that was exported from his Clio billing program. Attached at Exhibit B is a Declaration of Howard Silverman, Esquire ("Attorney Silverman") which attests to the number of hour spent working on this matter for Feibush. Attached to the Attorney Silverman's Declaration is statement setting forth the number of hours spent on this litigation. Attached at Exhibit C is a Declaration of Attorney Matthew Weisberg ("Attorney Weisberg"), which attests to the fees he charged Feibush.

The total number of hours worked is more than reasonable. This litigation lasted for over a year. It required counsel for Feibush to respond to two motions to dismiss and a motion for summary judgment. It required counsel for Feibush to review several thousands of pages of documents, including tediously reviewing electronic documents individually by manually entering a password that Defendant had placed on each document. It also required counsel for Feibush to prepare for and present his case before a jury. Indeed, the actual total number of hours expended by counsel for Feibush is likely much higher. The Declaration of Attorney Zimolong and Attorney Silverman support the total number of hours worked.

**b. Reasonableness of hourly rate**

**1. Attorney Zimolong**

Attached to the Attorney Zimolong's Declaration is a *curriculum vitae* which sets for Attorney Zimolong's qualifications in detail. In short, Attorney Zimolong has been an attorney for fourteen (14) years and have represented real estate developers and contractors almost exclusively. Attorney Zimolong has represented real estate developers in similar actions to the one before the Court, in particular, <u>Bullard v. City of Philadelphia</u>, 847 F.Supp.2d 711 (E.D.Pa.

2012).  Attorney Zimolong's hourly rate of $345 is below market rate for attorneys in Philadelphia market with similar experience.  Accordingly, Attorney Zimolong's hourly rate is reasonable.

### 2. Attorney Silverman.

Attached at Exhibit B is a Declaration for Attorney Silverman.  Attorney Silverman's Declaration sets forth his qualifications and role in this case in detail.  Attorney Silverman has been a trial lawyer for over 30 years. Attorney Silverman has been recognized by the Million Dollar and Multimillion Dollar Advocates Forum which is a group of trial lawyers who have secured million and multi-million dollar verdicts and settlements.  Less than one percent of U.S. lawyers are members.  Attorney Silverman's rates are at or below market rate for attorneys in the Philadelphia region with similar experience and expertise.  Accordingly, Attorney Silverman's hourly rate is reasonable.

### 3. Attorney Weisberg.

Attorney Weisberg has been licensed to practice law in the Commonwealth of Pennsylvania since 2000.  He is admitted to the Bar of this Court and the Third Circuit Court of Appeals.  Attached to Attorney Weisberg's Declaration is a curriculum vitae showing his experience.  Also attached to Attorney Weisberg's Declaration is a summary of attorneys fees charged for this matter.  Attorney Weisberg was counsel to Feibush for over a year.  Attorney Weisberg filed the drafted the initial complaint and the subsequent pleadings.  Attorney Weisberg's charges of $16,600 to Feibush are reasonable.

**Lodestar Enhancement**

However, in exceptional cases, a quality enhancement is justified if the fee applicant offers evidence that "the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was 'exceptional.'  Planned Parenthood of

<u>Se. Pennsylvania v. Casey</u>, 869 F. Supp. 1190, 1200 (E.D. Pa. 1994), <u>adopted in part,</u> 60 F.3d 816 (3d Cir. 1995).  The Court may also enhance the fee request based on the novelty and difficulty of the questions.  <u>Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly</u>, 195 F. App'x 93, 96 (3d Cir. 2006).

Here, Feibush received exception service from counsel.  Indeed, at trial the Court completed counsel for both parties on the quality of their presentations.  The issue before the jury was also a novel one and obtained a unique result.  The City of Philadelphia was held liable for its policy known as Councilmanic Perogative.  Accordingly, a fee enhancement of 25% is reasonable.

**III.    Conclusion**

Under 42. Pa.C.S.A. 1988, Plaintiff requests an award of attorneys fees as follows:

|  |  |  |
|---|---|---|
| a. | Attorney Zimolong: | $45,574.50 |
| b. | Attorney Silverman: | $30,940.00 |
| c. | Attorney Wesiberg: | $16,600 |

| TOTAL ATTORNEYS FEES: | $93,114.50 |
|---|---|
| Lodestar Enhancement at 25%: | $23,278.63 |

**TOTAL ATTORNEYS FEES REQUESTED:     $116,393.12**

**ZIMOLONG, LLC.**

Date: **May 22, 2016**                     BY:<u>*/s/ Walter S. Zimolong, Esquire*</u>
                                    Walter S. Zimolong, Esquire
                                    wally@zimolonglaw.com

                                    1429 Walnut Street, Suite 1201
                                    Philadelphia, PA  19102
                                    Tele: 215-665-0842/Fax:  215-689-3403
                                    Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ORI FEIBUSH, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 14-CV-3947- |
| KENYATTA JOHNSON, ET. AL. | : |
| Defendants. | : |
| | : |
| | : |

## CERTIFICATE OF SERVICE

I hereby certify the foregoing Motion for Attorneys Fees has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania. I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

**ZIMOLONG, LLC.**

Date: **May 22, 2016**                    BY:*/s/ Walter S. Zimolong, Esquire*
                                        Walter S. Zimolong, Esquire
                                        wally@zimolonglaw.com

                                        1429 Walnut Street, Suite 1201
                                        Philadelphia, PA  19102
                                        Tele: 215-665-0842/Fax:  215-689-3403
                                        Attorneys for Plaintiff

# EXHIBIT "A."

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ORI FEIBUSH<br>　　　　Plaintiff,<br>　　　　v.<br>KENYATTA JOHNSON<br>　　　　Defendant. | :<br>:<br>:　Civil Action No. 14-CV-3947<br>:<br>:<br>:<br>: |

### DECLARATION OF WALTER S. ZIMOLONG III, ESQUIRE IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

I, Walter S. Zimolong III, Esquire, being a duly admitted member of the Bar of this Court declare as follows:

1.　　I am the manager member and sole owner of Zimolong, LLC.

2.　　I am a 1999 graduate of Villanova University and obtained a bachelor's degree in Political Science.

3.　　I am a 2002 graduate of Villanova University School of Law.

4.　　Since 2002, I have been admitted to practice law in the Commonwealth of Pennsylvania and State of New Jersey.

5.　　I am a member of the Bar of the United States District Court for the Eastern District of Pennsylvania and the Third Circuit Court of Appeals.

6.　　I have litigated hundreds of cases in Pennsylvania and New Jersey State and Federal courts.

7.　　My practice is limited to litigating and defending claims on behalf and against real estate developers, multi-unit property owners, contractors, and subcontractors.

1

8.      Attached to this declaration is a curriculum vitae which sets forth in greater detail my experience and credentials.

9.      In August 2015, plaintiff, Ori Feibush, a longtime client, asked me to take over his representation in this case.

10.      Attached to the Declaration are my billing entries for this case which were exported from my firm's billing software Clio.

WALTER S. ZIMOLONG III, ESQUIRE

Date:   May 20, 2016

2

**WALTER "WALLY" S. ZIMOLONG**
Zimolong, LLC
www.zimolonglaw.com
www.supplementalconditions.com
wally@zimolonglaw.com
1429 Walnut Street, Suite 1201
Philadelphia, PA 19102
(215) 665-0842

**Profession**. – Attorney with practice emphasis on construction law and litigation and construction labor law.  Entire career dedicated almost exclusively to representing firms and individuals in the construction industry.

**Work History.** – Zimolong, LLC Managing Member 2009 to present; Jacoby Donner, P.C. 2002-2009, Associate.

**Education**. – Villanova University, B.A., 1999; Villanova University School of Law, J.D., 2002 (Moot Court Board Member).

**Experience**. – Over thirteen years' experience representing commercial enterprises with a particular emphasis on representing contractors (and subcontractors), developers, and community associations on the myriad of issues that naturally arise in the construction and development industries. Practice is dedicated to litigation and resolving the following disputes:

- payment disputes,
- complex delay and inefficiency claims,
- defect claims,
- mechanics lien claims and bond claims,
- prompt payment act claims,
- unfair labor practice charges,
- union elections,
- multi-employer benefit fund litigation (defense side),
- construction site labor issues (picketing, strikes, and injunctions).

Litigated hundreds cases on behalf of contractors, subcontractors, developers, and other planned community associations in state and federal court, before private arbitration panels, before the National Labor Relations Board, and the Department of Labor. Have successfully litigated several cases that resulted in published court opinions and changes in substantive law.  For the past five years has been continuously named to Pennsylvania Super Lawyers Rising Stars List for Construction Litigation.  (Less than 2.5% of lawyers in the state are named to the list.)

Past Chairman of the Philadelphia Bar Association, Real Property Section, Construction Law Subcommittee; a Member of the Associated Builders and Contractors; and a frequent author and presenter on issues facing the construction industry. Articles on legal issues have appeared in the *New York Times*, *Wall Street Journal, Philadelphia Inquirer*, *Construction Executive Magazine*, *Legal Intelligencer* and *Connecticut Law Tribune*.

Publisher of a construction law blog www.supplementalconditions.com

**Notable Litigation Experience.**

**Real Estate Developers**

- Defended developer in subcontractor's mechanics lien claim. Successfully defended the case on appeal to the Pennsylvania Superior Court. Superior Court's decision in my client's favor resulted in change to the Pennsylvania Mechanics Lien Law and received national attention in the industry.

- Obtained summary judgment on behalf of a real estate developer and against the City of Philadelphia on constitutional due process claims brought by the developer against the City after the City's Department of License and Inspections demolished the developer's property in the middle of construction.

- Represented local and national developers in establishing condominium communities and planned communities in Pennsylvania and New Jersey.

**General Contractors**

- Represented national general contractor in claim against terminated subcontractor in AAA Arbitration proceeding. Arbitrator awarded my client the full damages requested, including attorneys fees and costs pursuant to the Pennsylvania Contractor and Subcontractor Payment Act.

- Represented general contractor in litigation against Fortune 500 homebuilder. Our client was seeking payment in final payment which the homebuilder was refusing to release because of alleged defective workmanship. Case was settled before trial with client receiving a payment in excess of $500,000.

- Represented public works general contractor in multi-million dollar litigation against the State of New Jersey.

**Subcontractors**

- Represented specialty roof membrane subcontractor in dispute over installation of roof at a professional sports stadium. The case was resolved amicable and client retained valuable relationship with owners of professional teams in the league.

- Represented national concrete subcontractor in litigation against public traded international construction company in Federal District Court case. Summary judgment decision in my client's favor set legal precedent in the construction industry.

- Represented sheet metal subcontractor in claim against mechanical contractor for payment owed and interest, penalty, and attorneys fees pursuant to the Pennsylvania Public Prompt

Pay Act. Arbitration panel awarded my client the full damages requested, including attorneys fees, interest, and penalty which exceed the original amount of the claim.

- Obtained ex-parte emergency injunctive relief in Federal Court pursuant to the Computer Fraud Act on behalf of plumbing subcontractor against former employee, who was accessing client's computer and email system after employment was terminated. The matter was successfully settled with a large monetary payment to client.

**Planned Community Associations**

- Represented homeowners association on appeal to Pennsylvania Commonwealth Court following trial court's refusal to issue an injunction abating a homeowner's violation of the association's declaration. After briefing and oral argument, Commonwealth Court reversed the trial court's decision resulting in injunction being entered in favor of association and requiring homeowner to remove the offending property condition.

- Represented individual unit owners in a Philadelphia luxury condominium building in claims against the condominium developer for claims of breach of contract, breach of warranty, consumer fraud, and negligent misrepresentation arising from defective workmanship. Case was successfully settled before trial.

- Represent homeowners association consisting of 98 units in litigation against the developer for construction defects against the community's developer for claims of breach of contract, breach of warranty, consumer fraud, and negligent misrepresentation arising from defective workmanship. Case is currently pending.

**<u>Mortgage Companies</u>**

- Obtained a unanimous jury verdict in Federal Court in favor of his client, a mortgage company, against a real estate appraiser and his appraisal firm. The appraiser had prepared an appraisal for the client in connection with the mortgage underwriting process. After the client sold the loan to Fannie Mae, Fannie Mae discovered defects in the appraisal. The client was required to indemnify Fannie Mae for significant losses after the loan went into default. The jury award his client in excess of $187,000 in damages against the appraiser and the appraisal firm.

**<u>Multi-Employer ERISA Benefit Fund Litigation</u>**

- Obtained favorable settlement for precast concrete contractor in alter-ego ERISA litigation brought by the Ironworkers. Client was facing liability of several million dollars and termination of its business operations. Settlement was reached after client defeated a motion to dismiss its complaint against the Ironworkers Union filed in federal court for damages resulting from the Ironworker's aggressive job site picketing.

- Obtained dismissal of complaint brought by Carpenters Union who sought audit of client's books and records.  Carpenters Union claimed a one page letter of assent signed over 20 years ago bound client to current bargaining agreement.  The federal court disagreed.

- Obtained voluntary dismissal of ERISA collection action brought by the Bricklayers Union against alleged alter-ego of delinquent contractor.

## Reported Decisions

- *Carpenters Health & Welfare Fund v. Management Resource Systems, et. al.,* 2015 WL 2395152 (E.D.Pa. 2015). Obtained dismissal of a complaint brought by the Carpenters Union seeking to audit client's books in order to collect union fringe benefit funds. The Court dismissed the complaint finding that his client never agreed to be bound by the union's collective bargaining agreement.

- *Fair Housing Rights Center in Southeastern Pennsylvania v. Post Goldtex GP, LLC, et. al.,* 2015 WL 171840 (E.D.Pa. 2015) (obtained dismissal of FHA group's claim that multimillion dollar apartment renovation project violated the FHA design and accessibility requirements.)

- *Bullard v. City of Philadelphia*, 2012 WL 460306 (E.D.Pa 2012) (obtained summary judgment in favor student housing developer in civil rights/violation of due process action brought after the City of Philadelphia tore down a property under construction.)

- *V.A.L. Floors v. 1419 Tower, L.P*., 2008 WL 1977840 (E.D.Pa., 2009).
(defeated developer's motion to consolidate payment action with larger action involving novel issues unrelated to client's case.)

- *Quinn Construction v. Skanska USA Building, Inc*., 2008 WL 2389499 (E.D.Pa.2008).
(defeated motion for summary judgment filed by design professional who claimed that a certificate of merit was required in order to maintain a claim of negligent misrepresentation.  The opinion lead to a change in the Pennsylvania Rules of Civil Procedure on certificates of merit.)

- *Quinn Construction v. Skanska USA Buildings, Inc.,* 2008 WL 5187391 (E.D.Pa.2008).
(opinion discussing the duties of a surety bond agent to indemnify and hold harmless an oblige.)

- *Philadelphia Construction Services v. Allan Domb*, 903 A.2d 1262 (Pa.Super.2006)
(appellate court sustained dismissal of mechanics lien claim by trial court and ruled that subcontractor's decision to walk off a construction project precluded subcontractor from complying with the requirements of the mechanics lien law.)

## Media

Philadelphia Union Using Drones to Watch Protests, New York Times, February 16, 2016

Local Union Using Drones to Monitor Work Site, *CBS Local,* February 15, 2016

Windham couple faces union fraud charges, *Eagle Tribune,* January 27, 2016

Experts: PPL Plaza lawsuit faces high bar, *Allentown Morning Call,* January 6, 2016

Wolf Ends controversial labor exemption in PA, www.keystonecrossroads.com, November 5, 2015

Legislation to Counter Union Tactics Goes to Gov. Tom Wolf for Signature, *Philadelphia Magazine,* October 30, 2015

Letter Exposes NLRB's Official Possible Illegal Conflict of Interest, www.redstate.com, June 17, 2015

Teachers Sue for Right to Support Charities Outside of State Union, *Philadelphia Business Journal,* July 9, 2015

Labor Board's Decision is a 'Head-Scratcher' Say Experts. *Philadelphia Business Journal*, April 20, 2015

Why the Iron Workers Conviction is Monumental, *Philadelphia Business Journal*, January 22, 2015

Developer Sends Warning Letter to Project's Opponent, *Philadelphia Daily News*, July 11, 2013

Teacher Who Compared Student's Romney T-Shirt Makes Humiliating Apology, *U.K. Daily Mail*, October 12, 2012

More From Philadelphia's Asset Forfeiture Racket, Reason, December 31, 2012

Strong Opinions Over Wisconsin's Union Brawl, Wall Street Journal, February 25, 2011

Plumbing Company Claims It Was Not Paid for PPL Park Project, Delaware County Times, November 26, 2010.

**Publications**

- "Lien Waivers, Releases Submitted With Requests for Payment Bar Claims," The Legal Intelligencer, August 16, 2011
- "Dealing with Rising Materials Prices" Construction Executive Magazine, August 2011
- "Double Breasted Operations: Best of Both Words?" Connecticut Law Tribune, March 7, 2011
- Letter to the Editor, "Strong Opinions Over Wisconsin's Public Union Brawl," Wall St. J., February 25, 2011
- "The 'Accidental Release' – Pay Close Attention to Standard Lien Waivers," Construction Executive Magazine, February 2011
- "It May Pay for Subcontractors to Get Aggressive," Connecticut Law Tribune, Vol. 36, No. 28, July 12, 2010
- "The Validity of Anti-Flipping Clauses" Legal Intelligencer, Real Estate Quarterly, January 2007.
- "Disclaimer and Integration Clauses in Agreements of Sale: Fraud Claims Fail Because Buyers Cannot Prove Justified Reliance." Legal Intelligencer, Real Estate Quarterly, June 2007.
- "Landlord's Liability for Tenant's Failure to Pay Its Contractor," Philadelphia Business Journal, Ask the Legal Professionals April 29, 2005

## Presentations

- "Preserving, Making, and Winning Construction Delay Claims," 2014 CPM Conference, Orlando, FL, January 23, 2014.
- "Pennsylvania Mechanics Liens and Bond Claim: A Primer," (Course Planner) Pennsylvania Bar Institute, December 5, 2013
- "The Pennsylvania Public Private Partnership Law," (Course Planner) Pennsylvania Bar Institute, August 28, 2013.
- "Construction Defect Litigation: Claims and Coverage," Pennsylvania Bar Institute, Philadelphia, PA, August 21, 2012
- "Letters, Banners, and Rats: Oh My! – Countermeasures for Aggressive Union Tactics," ABC-NJ, Cherry Hill, NJ, November 2, 2011.
- "Mechanics Liens and Bond Claims: A Primer," (Course Planner) Pennsylvania Bar Institute, Philadelphia, PA, August 31, 2011.
- "Labor Law for Construction Lawyers," (Course Planner) Pennsylvania Bar Institute, Philadelphia, PA, May 12, 2011.
- "New AIA Documents and Introduction to the ConsensusDocs," Joint Meeting of BCA-SJ, SJMCA, Atlantic City, NJ, May 16, 2008.
- "ConsensusDOCS v. A201," BCA-NJ, Edison, NJ, August 8, 2008.

## Community Involvement

- Past Chairman, Philadelphia Bar Association Real Property Section, Construction Law Subcommittee;
- Service Academy Selection Committee, United States Senator Pat Toomey;
- 2008 Republican Nominee, State Representative 182nd Legislative District of Pennsylvania;

- Republican Committeeman, City of Philadelphia, 2nd Ward, 10th Division.

**Memberships and Organizations**

- Member, American Bar Association, Forum Committee on the Construction Industry;
- Member, American Bar Association, Section of Public Contract Law;
- Member, Philadelphia Bar Association, Real Property Section;
- Associate Member, Associated Builders and Contractors, Inc.
- Associate Member, General Building Contractors Association.
- Associate Member, Building Industry Association of Philadelphia.

**Hourly Rate**:  $195 - $345 per hour.  Flexible, contingent, and fixed fees available on case-by-case basis.

| Date | Hours | Rate | Note | Total | User |
|------|-------|------|------|-------|------|
| 5/12/2016 | 6 | $345.00 | trial, pre-trial meeting, select jury | $2,070.00 | Wally Zimolong |
| 5/12/2016 | 6 | $345.00 | trial prep | $2,070.00 | Wally Zimolong |
| 5/11/2016 | 10 | $345.00 | trial | $3,450.00 | Wally Zimolong |
| 5/10/2016 | 10 | $345.00 | trial | $3,450.00 | Wally Zimolong |
| 5/7/2016 | 4 | $345.00 | trial prep | $1,380.00 | Wally Zimolong |
| 5/6/2016 | 1 | $345.00 | attend pre-trial conference | $345.00 | Wally Zimolong |
| 5/5/2016 | 8 | $345.00 | trial prep | $2,760.00 | Wally Zimolong |
| 5/4/2016 | 8 | $345.00 | trial prep | $2,760.00 | Wally Zimolong |
| 5/3/2016 | 8 | $345.00 | trial prep | $2,760.00 | Wally Zimolong |
| 5/2/2016 | 4 | $345.00 | Trial prep | $1,380.00 | Wally Zimolong |
| 4/30/2016 | 2 | $345.00 | trial preparation, continue to outline cross examination, review public records | $690.00 | Wally Zimolong |
| 4/29/2016 | 5 | $345.00 | trial preparation: finalize and file motions in limine, conference with O. Feibush, review transcripts | $1,725.00 | Wally Zimolong |
| 4/28/2016 | 3 | $345.00 | trial preparation, prepare 5 motions in limine | $1,035.00 | Wally Zimolong |
| 4/25/2016 | 2 | $345.00 | prepare for and attend settlement conference | $690.00 | Wally Zimolong |
| 4/22/2016 | 0.5 | $345.00 | prepare settlement conference memorandum | $172.50 | Wally Zimolong |
| 4/18/2016 | 4.2 | $345.00 | trial preparation, finalize pre-trial memorandum, finalize proposed jury instructions, finalize proposed verdict sheet | $1,449.00 | Wally Zimolong |
| 4/13/2016 | 3.2 | $345.00 | trial preparation, prepare pre-trial memorandum, prepare proposed jury instruction, prepare trial subpoenas to Johnson, Abernathy, Jarmon, and Cobb, messages to O. Feibush regarding documents for trial | $1,104.00 | Wally Zimolong |
| 4/11/2016 | 0.5 | $345.00 | prepare letter to Judge Bettlestone | $172.50 | Wally Zimolong |
| 4/4/2016 | 1 | $345.00 | trial strategy session with O. Feibush and H. Silverman | $345.00 | Wally Zimolong |
| 12/18/2015 | 1.5 | $345.00 | proofread and revise Feibush reply to motion for summary judgment | $517.50 | Wally Zimolong |
| 12/16/2015 | 3 | $345.00 | revise and amend Fiebush reply to motion for summary judgment | $1,035.00 | Wally Zimolong |
| 12/15/2015 | 4 | $345.00 | continue editing and drafting Feibush reply to motion for summary judgment | $1,380.00 | Wally Zimolong |

| Date | Hours | Rate | Description | Amount | Attorney |
|---|---|---|---|---|---|
| 12/11/2015 | 1.2 | $345.00 | revise reply in opposition to motion for summary judgment | $414.00 | Wally Zimolong |
| 12/9/2015 | 3 | $345.00 | revise and amend reply in opposition to motion for summary judgment | $1,035.00 | Wally Zimolong |
| 11/25/2015 | 2 | $345.00 | revise O. Feibush Motion for Summary Judgment and Supporting Memorandum of Law, prepare email to O. | $690.00 | Wally Zimolong |
| 11/24/2015 | 4 | $345.00 | revise and amend Feibush motion for summary judgment, statement of undisputed material facts, and supporting memorandum of law | $1,380.00 | Wally Zimolong |
| 11/20/2015 | 3 | $345.00 | revise motion for summary judgment for O. Feibush | $1,035.00 | Wally Zimolong |
| 11/17/2015 | 2 | $345.00 | revise motion for summary judgment for Ori's case | $690.00 | Wally Zimolong |
| 11/16/2015 | 1 | $345.00 | prepare statement of undisputed material facts for Feibush claim | $345.00 | Wally Zimolong |
| 11/10/2015 | 1.5 | $345.00 | conference with O. Feibush, revise motion for summary judgment | $517.50 | Wally Zimolong |
| 10/29/2015 | 1 | $345.00 | complete review of deposition transcript of B. Abernathy, review transcript of S. Cobb | $345.00 | Wally Zimolong |
| 10/28/2015 | 1 | $345.00 | review abernathy transcript, review nikolic transcript, conference with O. Feibush | $345.00 | Wally Zimolong |
| 10/20/2015 | 3.5 | $345.00 | prepare for and take deposition of T. Nickolic and B. Abernathy | $1,207.50 | Wally Zimolong |
| 10/5/2015 | 1 | $345.00 | take deposition of Tumar Alexander | $345.00 | Wally Zimolong |
| 10/2/2015 | 1 | $345.00 | prepare for deposition of T. Alexander, prepare all documents, conference with O. Feibush, prepare email to J. Coyle, prepare letter to J. Coyle | $345.00 | Wally Zimolong |
| 9/30/2015 | 2 | $345.00 | prepare for and depose S. Jarman and C. Terry, prepare email to J. Coyle, conference with same | $690.00 | Wally Zimolong |
| 9/23/2015 | 1 | $345.00 | conference call with Judge Bettlestone, document review | $345.00 | Wally Zimolong |
| 9/22/2015 | 6 | $345.00 | prepare for and take deposition of Steve Cobb | $1,035.00 | Wally Zimolong |
| 9/21/2015 | 6 | $345.00 | preparation and deposition of Kenyatta Johnson, prepare for Steve Cobb deposition | $2,070.00 | Wally Zimolong |
| | 135.1 | | | $45,574.50 | |

Base 15

# EXHIBIT "B."

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ORI FEIBUSH                       :
        Plaintiff,        :
        v.                :          Civil Action No. 14-
KENYATTA JOHNSON          :          CV-3947
        Defendant.        :
                 :

### DECLARATION OF HOWARD G. SILVERMAN IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

I, Howard G. Silverman, Esquire, being a duly admitted member of the Bar of this Court declare as follows:

I am the Lead Trail attorney and managing shareholder of the Philadelphia law firm, Kane & Silverman, P.C. located at 2401 Pennsylvania Avenue, Suite 1C-44, Philadelphia, PA 19130.

In 1983, I received his B.S. in Finance from the University of Florida and in 1986 received my Juris Doctorate from Dickinson School of Law in Carlisle, Pennsylvania.

Since 1986 I have been licensed to practice law in Pennsylvania and New Jersey.I am admitted to Practice in Various Federal Courts including but not limited the Eastern District of Pennsylvania and Third Circuit Court of Appeals.

I am a member of the American Bar Association ,Pennsylvania Bar Association, American Trial Lawyers Association, Pennsylvania Trial Lawyers Association, and the Philadelphia Trial Lawyers Association.

1

My practice is limited to litigation and have successfully prosecuted in the United States Federal Court for the Eastern District of Pennsylvania various types of cases including Civil Rights Claims, Wage Payment Claims, Insurance Bad Faith, Claims, Personal Injury Claims and Class Action Claims.

I have been awarded fees in the United States Federal Court for the Eastern District in various cases relating to Insurance Bad Faith. Pennsylvania's Wage and Payment Collection Law and Class Action Settlements. (Barnhart V. Compugraphic Corp 936 F.2d 131 (3rd Cir 1991); Willow Inn V Public Service Mutual Insurance Company U.S.D.C. for the Eastern District of Pa. Civ.No.5481 and Third Circuit Case Number 03-CV- 2837 ; Briggs V Hartford Insurance Company U.S.D.C for the Eastern District Of Pa. No. 07-CV-5190 and Greenhorn v. Liberty Mutual 07 CV 04628 ) The Third Circuit in Barnhart, a case of first impression, reversed the Trial Judge's denial of plaintiffs request for an award of attorney fees holding that a finding of good faith will not prevent an award of attorney fees. The Willow Inn case was the first case involving punitive damages argued to a Federal Appellate Court after the U.S. Supreme Court's ruling in State Farm v. Campbell 538 U.S..408(2003) .The Third Circuit upheld the Trial Courts decision and has been cited by many Courts through out the Country. Currently pending before the Court of Common Pleas of Philadelphia County is a uncontested fee petition for $700,000.00 in McKinney V All State Insurance Co. Sept 2012 No.3177. Hearing date scheduled for June 9 2016.         2.

In 2009 Judge Cynthia Rufe in the Briggs and in 2010 Judge Juan Sanchez in Greenhorn each awarded fees to me at rate of over $700.00 per hour based on a loadstar rate of $495.00 . In addition Judge Rufe wrote I was a "seasoned and qualified " litigator. see FN 48 at 2009 WL2370061(E.D. Pa.)

I have been recognized by the Million Dollar and Multimillion Dollar Advocates Forum which is a group of trial lawyers that have secured million and multi-million dollar verdicts and settlements. Less than one percent of U.S. lawyers are members.

I have been listed Martindale-Hubbell Bar Registration of Preeminent Lawyers for the highest level of legal ability and adherence to the professional standards of conduct, ethics, reliability and diligence.

I was asked by Ori Feibush, before this suit was filed to represent him but I was unable to commit the time necessary to be lead counsel instead I agreed to assist him with selecting counsel and helping develop strategy. Before suit was filed I was involved with the investigation and evaluation of the claim, drafting of the initial pleadings and developing strategy. I have been an active advisor on the case from beginning but only seek to recover fees for time spent after March 2016.

3

In early 2016 Ori asked me to take over as trial counsel but I was unable to commit the time due to the pending trial schedule and my other commitments. In or about March 2016 I agreed to provide legal services to Ori relating to trial preparation and working with trial counsel. I agreed to provide my services to Ori on a contingent basis agreeing to seek recovery of my fees only if Ori Feibush prevailed at trial. Because my fee recovery was contingent my current billing rate should be used to calculate the loadstar but the award should be adjusted upward. See Judge Rufe's decision in Briggs 2006 WL 2370061 and related cases cited.

I attach a sheet that approximates the time spent and work performed. See exhibit A to this declaration .

Respectfully submitted,
KANE & SILVERMAN, P.C.

By:_____

Howard G. Silverman, Esquire
Attorney for Plaintiff

Date:May 22, 2016

Kane & Silverman, P.C.
2401 Pennsylvania Avenue
Suite 1A-5
Philadelphia, PA 19130

Invoice submitted to:
Ori Feibush
2054 South Street
Philadelphia, PA 19146

May 18, 2016

In Reference To:   Howard Silverman, Esquire
Invoice #14437

Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 3/22/2016 | Meeting with Ori discuss case, Status, Requested involvement regarding upcoming trial and if I could act as trial counsel | 1.00 595.00/hr | 595.00 |
| 4/5/2016 | Various Telephone conferences and e mail exchange with Ori and Wally. Received and identified documents from drop box discussed sequencing | 1.10 595.00/hr | 654.50 |
| 4/18/2016 | Meet Ori at OCF | 1.30 595.00/hr | 773.50 |
| | this was from 4 18 to 4 22 reviewed pleadings and other material sent, reviewed case law all in anticipation of meeting to discuss my trial involvement . numerous calls and e mails with Ori | 5.00 595.00/hr | 2,975.00 |
| 4/25/2016 | Meeting with Ori at office | 1.00 595.00/hr | 595.00 |
| 4/26/2016 | Meeting with Ori and Wally out of office to discuss case and preparations needed, limitations of witnesses based on pre trial | 2.00 595.00/hr | 1,190.00 |
| 4/29/2016 | Various conversations with Wally and Ori ,requested info to review inc dep transcripts discussed with Ori that I would over weekend review all depositions and create issue breakdown for witness | 2.50 595.00/hr | 1,487.50 |
| 4/30/2016 | Spent weekend reading and abstracting depositions of Cobb KJ, Abernathy Nikolic, began outline cross exam in case in chief, first draft of opening address | 11.00 595.00/hr | 6,545.00 |
| 5/1/2016 | Numerous telephone communication and E-mails with Ori and Wally  discussed with Ori time line and material needed for trial | 2.10 595.00/hr | 1,249.50 |

Ori Feibush                                                                                      Page      2

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 5/2/2016 | Various telephone conference with Ori re: Trial Strategy need to create time line, Various E-mails with Ori and Wally, Review CT order, Discuss issues with on regarding political registration | 2.80 595.00/hr | 1,666.00 |
| 5/3/2016 | Discuss issues regarding related case and issues still to be tried and potential evidence issues | 1.30 595.00/hr | 773.50 |
| 5/4/2016 | Read and Abstracted Ori dep and reviewed material inc deposition exhibits, continued work on time line  discuss Goldstein and strategy re use at trial sent and received  E-mails (15) | 3.00 595.00/hr | 1,785.00 |
| 5/5/2016 | Meeting with Ori and Wally at Ori's office | 1.50 595.00/hr | 892.50 |
| | Review with Ori land sale spread sheet, First draft of closing, Reviewed Map | 2.20 595.00/hr | 1,309.00 |
| 5/7/2016 | Various telephone conference with Ori and E-mails discuss land sales and revised opening | 2.80 595.00/hr | 1,666.00 |
| 5/8/2016 | Updated closing, Worked with Ori of questions for KJ and Abernathy, Worked, Additional review of records and transcripts | 2.00 595.00/hr | 1,190.00 |
| | Various telephone conference with Ori, Legal search worked time line, Trial strategy and discuss issues re: evidence and witnesses, Review material Ori sent or received 13 E-mail, Worked on Abernathy direct | 6.50 595.00/hr | 3,867.50 |
| 5/9/2016 | Finish opening and closing sent to Ori with notes, Review Philly land works, 10 E-mails to and from Ori | 1.40 595.00/hr | 833.00 |
| 5/10/2016 | Various telephone conference with Ori and Wally regarding jury charge witnesses and evidence | 1.50 595.00/hr | 892.50 |
| | For professional services rendered | 52.00 | $30,940.00 |
| | Balance due | | $30,940.00 |

# EXHIBIT "C."

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ORI FEIBUSH | : |
|     Plaintiff, | : |
|     v. | :  Civil Action No. 14-CV-3947 |
| KENYATTA JOHNSON | : |
|     Defendant. | : |
| | : |

## <u>DECLARATION OF MATTHEW WEISBERG IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS</u>

I, Matthew Weisberg, Esquire, being a duly admitted member of the Bar of this Court declare as follows:

1.  I am the owner of Weisberg law.

2.  Since 2000, I have been admitted to practice law in the Commonwealth of Pennsylvania and State of New Jersey.

3.  I am a member of the Bar of the United States District Court for the Eastern District of Pennsylvania and the Third Circuit Court of Appeals.

4.  Attached to this declaration is a curriculum vitae which sets forth in greater detail my experience and credentials.

5.  Attached to the Declaration are my fees incurred for this case.


                                           */s/ Matthew Weisberg, Esquire*
                                           MATTHEW WEISBERG

Date:  May 20, 2016

# MATTHEW B. WEISBERG

Weisberg Law
7 S. Morton Ave.
Morton, PA 19070                                          (C) 215-370-7500
www.weisberglawoffices.com                               mweisberg@weisberglawoffices.com

_____

## Relevant Experience

Weisberg Law                                        (Owner)              2005-Present
··Professional Negligence (including Legal Malpractice)
··Consumer Fraud/Protection & Civil Rights (including Labor & Employment Litigation)
··Commercial & Residential Real Estate Litigation (principally Mortgage Foreclosure)
··Commercial & Tort Litigation
··Appeals (State and Federal)

Weber Gallagher Simpson Stapleton Fires & Newby, LLP      (Associate)          2003-2005
··Commercial Lending Litigation & Compliance
··General Liability Tort Defense & Subrogation

McCabe, Weisberg & Conway, P.C.                     (Associate)          2000-2003
··Residential Mortgage Foreclosure & Commercial Real Estate Estate Litigation
··Creditor's Rights in Bankruptcy
··Title Compliance
··Personal Injury

## Other Experience

Alternative Abstract                          (Morton, Pa)               2005-2010
   ·Co-Owner

Matrix Mortgage Corp.                         (Morton, Pa)               2005-2010
   ·Co-Owner

The Honorable Albert W. Sheppard, Jr.         (Philadelphia, Pa)         Summer 1998
   ·Clerkship-Court of Common Pleas

Australian Federal Parliament                 (Canberra, Aus)            1995
··Australian National Internship Program
   ·Wrote and published for the Prime Minister, Federal and State Parliaments: G-d Save the Queen?

Beasley, Casey & Erbstein, P.C.               (Philadelphia, Pa)         Summer 1999
   ·Internship:  Plaintiff's Personal Injury-Catastrophic Loss

York County Public Defenders                  (York, Pa)                 1999-2000
   ·Externship

## Bar Memberships

·Commonwealth of Pennsylvania          ·Eastern & Middle Districts of Pennsylvania
·State of New Jersey                    ·District of New Jersey
·United States Supreme Court            ·Third Circuit Court of Appeals
·District of Idaho (*PHV*)              ·District of Nevada (*PHV*)

·State of Delaware (*PHV*)                    ·District of Delaware (*PHV*)

## Education

| | |
|---|---|
| Dickinson School of Law (of the Pennsylvania State University), J.D. | 2000 |
| The Pennsylvania State University, B.A. | 1997 |

## Honors

| | |
|---|---|
| "Rising Star" (i.e., "Super Lawyer") | 2010-2013 |
| State Senatorial Commendation for Leadership and Community Service | 2008 |

## Publications

*"Predatory Lending in the Refi Era: A Primer,"* The Legal Intelligencer, 2005

*"Residential Mortgage Foreclosures: Procedures & Practicalities,"* The Legal Intelligencer, 2006

*"Liability Arising Out of the Sale of Residential New Construction,"* The Legal Intelligencer, 2006

*"Home Improvement Loan Fraud-Caveat Emptor,"* The Legal Intelligencer, 2006

*"Multi-Jurisdictional Foreclosure Litigation & the Foreclosure Explosion (and Sub-Prime Implosion),"* The Legal Intelligencer, 2007

*"Philadelphia's Residential Mortgage Foreclosure Diversion Pilot Program,"* The Legal Intelligencer, 2008

*"Twombly:  Heightened Federal Pleading Requirement,"* The Legal Intelligencer, 2008

*"Judicial Profile (Hon. John Padova),"* The Federal Lawyer, 2009

*"Gist of the Action Doctrine Intersects the Parol Evidence Rule,"* The Legal Intelligencer, 2009

*"Foreclosure Rescue Scam:  A Narrative Lesson,"* The Legal Intelligencer, 2010

*"Avoiding Legal Malpractice,"* Pennsylvania Law Weekly, 2011- (Monthly Column)

## CLE's and Seminars Presented

"Issues in Commercial Mortgage Foreclosures," Lorman Educational Services, April 28, 2005

"Real Estate Litigation," Lorman Educational Services, April 7, 2005

"Creditor's and Lender's Rights," Lorman Educational Services, May 18, 2005

"Pennsylvania Motor Vehicle Financial Responsibility Law - Personal Injury Protection," Mitsui Sumitomo Marine Management (U.S.A.), Inc., July 28, 2004

"Complex Litigation Case Management -The Paralegal's Role", National Business Institute, March 23, 2005

"Advanced Post-judgment Collection," Lorman Educational Services, September 13, 2005

"Title Examination," Lorman Educational Services, August 17, 2005

"Title Examination and Real Estate Litigation," Lorman Educational Services, December 1, 2005

"Current Lending Compliance Issues: An Update for Lending Officers, Bankers and Attorneys," Lorman Educational Services, April 5, 2006

"Fundamentals of Real Estate Practice," Pennsylvania Bar Institute, August 22, 2006

"The Keystone Conference," The Mortgage Bankers Association of Pennsylvania, September 22, 2006

"Issues in Residential Mortgage Foreclosures," Lorman Education Services, July 19, 2007

"Fundamentals of Real Estate Closings," Lorman Education Services, July 27, 2007

Presenter, "Foreclosure and Repossession," Lorman Education Services, May 12, 2008

Presenter, "Solving Complex Title Problems," Half Moon Enterprises, December 17, 2009

Presenter, "Essentials of Foreclosure Defense," Law Review CLE, July 28, 2011

Presenter, "Complying with Federal Mortgage Lending Laws," October 19, 2011

Presenter, "Foreclosure Essentials," Law Review CLE, November 1, 2011

Moderator, "Consumer Protection Law," Law Review CLE, April 25, 2013

Presenter, "Fundamentals of Mortgage Foreclosure," Pennsylvania Bar Institute CLE, February 15, 2015

Moderator, "Legal Malpractice Fundamentals," Pennsylvania Bar Institute CLE, April 2015

Moderator, "Legal Malpractice Fundamentals," Pennsylvania Bar Institute CLE, November 2016

## Client Ledger
### ALL DATES

**2391  Feibush, Ori**
**2391-001  Resp Lawyer: MBW**

| Date | Entry # | Received From/Paid To / Explanation | Chq#/Rec# | General Rcpts | General Disbs | Fees | Bld Inv# | Bld Acc | Trust Rcpts | Trust Disbs | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| May 7/2014 | 44867 | OCF Realty LLC / Escrow Funds | 00233 | | | | | | 8500.00 | | 8500.00 |
| Jun 25/2014 | 45573 | Clerk of the Court / Filing Fee | 1319 | | 400.00 | | | | | | |
| Dec 8/2014 | 47687 | Weisberg Law / Transfer from Account 6 to Account 7 | 1644 | | | | 2412 | 6 | | 8500.00 | 0.00 |
| Dec 8/2014 | 47719 | Weisberg Law PC / Transfer from Account 6 to Account 7 | 00019 | | | | 2412 | 6 | 8500.00 | | 8500.00 |
| Feb 23/2015 | 49108 | Billing on Invoice 2412  FEES 8100.00  DISBS 400.00 | | | 0.00 | | 2412 | | | | |
| Feb 23/2015 | | Fees To Lawyer MW / Attorney Fee | | | | 8100.00 | | | | | |
| Feb 23/2015 | 49109 | Weisberg Law | | | | | | | | | |
| Feb 24/2015 | 49161 | Transfer to PA Operating Account | 1038 | | | | | 7 | | 8500.00 | 0.00 |
| Feb 24/2015 | 50235 | PMT - Client Paying Invoice / Weisberg Law | 00482 | 400.00 | | | | | | | |
| Feb 24/2015 | 50236 | PMT - Client Paying Invoice / Weisberg Law | 00482 | 8100.00 | | | | | | | |
| May 22/2015 | 50478 | OCF Realty LLC / Escrow Funds | 00052 | | | | | 7 | 5000.00 | | 5000.00 |
| Sep 15/2015 | 52141 | Precision Reporting, Inc. | | | 252.95 | | 2571 | | | | |
| Oct 5/2015 | 52407 | Precision Reporting, Inc. | | | 349.80 | | 2571 | | | | |
| Oct 5/2015 | 52421 | Precision Reporting, Inc. | | | 626.95 | | 2571 | | | | |
| Oct 7/2015 | 52787 | Magna Legal Services LLC | | | 235.00 | | 2571 | | | | |
| Oct 12/2015 | 52798 | Precision Reporting, Inc. | | | 155.60 | | 2571 | | | | |
| Oct 12/2015 | 53330 | ERSA Court Reporters | | | 940.00 | | 2571 | | | | |
| Jan 19/2016 | 53975 | Billing on Invoice 2571  FEES 2439.70  DISBS 2560.30 | | | 0.00 | | 2571 | | | | |
| Jan 19/2016 | | Fees To Lawyer MW / Attorney Fee | | | | 2439.70 | | | | | |
| Jan 19/2016 | 53976 | Weisberg Law | | | | | | | | | |
| Jan 21/2016 | 54006 | Client Paying Invoice | 1130 | 2560.30 | | | | | | | |
| Jan 21/2016 | 54640 | PMT - Client Paying Invoice / Weisberg Law | 00849 | 2560.30 | | | | 7 | | 5000.00 | 0.00 |
| Jan 21/2016 | 54641 | PMT - Client Paying Invoice / Weisberg Law | 00849 | 2439.70 | | | | | | | |

**Totals**

| | UNBILLED CHE | + RECOV | + FEES | = TOTAL | DISBS | + FEES | = BILLED | + TAX | − RECEIPTS | BALANCES = A/R | TRUST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTALS | 0.00 | 0.00 | 0.00 | 0.00 | 2960.30 | 10539.70 | 10539.70 | 0.00 | 13500.00 | 0.00 | 0.00 |
| PERIOD | 0.00 | 0.00 | 0.00 | 0.00 | 2960.30 | 10539.70 | 10539.70 | 0.00 | 13500.00 | 0.00 | 0.00 |
| END DATE | | | | | | | | | | 0.00 | 0.00 |

| | UNBILLED CHE | + RECOV | + FEES | = TOTAL | DISBS | + FEES | = BILLED | + TAX | − RECEIPTS | BALANCES = A/R | TRUST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FIRM TOTAL | 0.00 | 0.00 | 0.00 | 0.00 | 2960.30 | 10539.70 | 10539.70 | 0.00 | 13500.00 | 0.00 | 0.00 |
| PERIOD | 0.00 | 0.00 | 0.00 | 0.00 | 2960.30 | 10539.70 | 10539.70 | 0.00 | 13500.00 | 0.00 | 0.00 |
| END DATE | | | | | | | | | | 0.00 | 0.00 |

REPORT SELECTIONS - Client Ledger

| | |
|---|---|
| Layout Template | Default |
| Advanced Search Filter | None |
| Requested by | MBW |
| Finished | Wednesday, May 18, 2016 at 12:18:53 PM |
| Ver | 14.1 (14.1.20150324) |
| Matters | 2391-001 |
| Clients | All |
| Major Clients | All |
| Client Intro Lawyer | All |
| Matter Intro Lawyer | All |
| Responsible Lawyer | All |
| Assigned Lawyer | All |
| Type of Law | All |
| Select from | Active, Inactive, Archived Matters |
| Matters Sort by | Default |
| New Page for Each Lawyer | No |
| New Page for Each Matter | No |
| No Activity Date | Dec/31/2199 |
| Firm Totals Only | No |
| Totals Only | No |
| Entries Shown - Billed Only | No |
| Entries Shown - Disbursements | Yes |
| Entries Shown - Receipts | Yes |
| Entries Shown - Time or Fees | Yes |
| Entries Shown - Trust | Yes |
| Incl. Matters with Retainer Bal | No |
| Incl. Matters with Neg Unbld Disb | No |
| Trust Account | All |
| Working Lawyer | All |
| Include Corrected Entries | No |