IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORI FEIBUSH,<br>    **Plaintiff,**<br><br>  v.<br><br>COUNCILMAN KENYATTA JOHNSON,<br> *In his Official Capacity,*<br>    **Defendant.** | **Civil Action**<br>**No. 14-3947** |

### ORDER

NOW, this _____ day of _____, 2016, upon consideration of Defendant's Motion For Judgment As A Matter Of Law, it is hereby ORDERED and DECREED that Defendant's Motion is **GRANTED.** It is further **ORDERED** as follows:

1. Judgment is entered as a matter of law on behalf of Councilman Johnson in his Official Capacity on Plaintiff's claim for municipal liability. As a matter of law, the City of Philadelphia's custom of "councilmanic prerogative" was not the moving force behind a constitutional violation.

2. The Clerk is directed to mark this matter closed for statistical purposes.

                  BY THE COURT:

                  _____
                  **Beetlestone, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ORI FEIBUSH, | : | |
| Plaintiff, | : | |
|  | : | Civil Action |
| v. | : | No. 14-3947 |
|  | : | |
| COUNCILMAN KENYATTA JOHNSON, | : | |
| *In his Official Capacity,* | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

At trial, prior to the case going to the jury, Defendant moved pursuant to Fed. R. Civ. P. 50 for judgment as a matter of law. This Honorable Court denied the Oral Motion. Defendant now renews its Motion for Judgment as a Matter of Law. For the reasons expressed in Defendant's forthcoming Memorandum of Law to be filed with the Court by June 29, 2016 pursuant to the court's order of June 1, 2016 (ECF No. 103), Defendant requests that this Court grant this Motion for Judgment As A Matter Of Law.

The grounds for the Defendants' motion are as follows:

**I.    The City custom of "councilmanic prerogative" was not the moving force behind Councilman Johnson's retaliatory act.**

Councilmanic prerogative is a custom of deference to judgment and cannot be the cause of or moving force behind a retaliatory act by an individual. Courts have regularly held that only acts of the municipality itself, as opposed to acts of the municipality's employees, can be the basis for liability. *Pembauer v. City of Cincinnati*, 475 U.S. 469, 470 (1986); *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-820 (1985). In order to avoid simply collapsing into *respondeat superior* liability, courts must apply the most rigorous requirements of

culpability and causation. *Bd. of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 415 (1997). The failure to apply stringent culpability and causation requirements can raise serious federalism concerns. *Id.* For a plaintiff to satisfy this rigorous standard, he must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Connick v. Thompson*, 563 U.S. 51, 75 (2011) (Scalia, J. concurring) (emphasis added). This causal link requires that the City itself must have caused the violation at issue. *Carswell v. Borough of Homestead*, 381 F.3d 235, 245 (3d Cir. 2004). In this matter, the City's custom of councilmanic prerogative merely provides deference to the councilperson elected in the area. Councilmanic prerogative did not cause anything, rather it was Councilman Johnson's alleged abuse of councilmanic prerogative in retaliating against Plaintiff for his political activity which caused the violation.

**II. No evidence was presented to demonstrate that the City was on notice of a pattern of constitutional violations sufficient to demonstrate deliberate indifference to the rights of citizens.**

Plaintiff has not demonstrated any evidence of deliberate indifference and therefore his claim fails as a matter of law. If a "custom does not facially violate federal law, causation can be established only by 'demonstrat[ing] that the municipal action was taken with "deliberate indifference" as to its known or obvious consequences.'" *Berg v. Cty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (quoting *Brown*, 520 U.S. at 407 (1997)); *see also Natale v. Camden County Correctional Facility*, 318 F.3d 575, 585 (3d Cir. 2003). Here, no evidence was presented which demonstrates a past pattern of constitutional violations which would make Feibush's constitutional violation a known injury, nor was the constitutional violation an obvious consequence of councilmanic prerogative.

### III. Councilman Johnson's conduct was not retaliation as a matter of law.

A reasonable person in Plaintiff's position would not have been deterred from exercising his or her First Amendment rights. In order to demonstrate a violation, Plaintiff must show "(1) that [he] engaged in a protected activity, (2) that [Councilman Johnson's allegedly] retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." *Lauren W. ex rel Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Based on the evidence presented at trial, as a matter of law, Plaintiff failed to demonstrate that Councilman Johnson's actions were sufficient to deter a person of ordinary firmness from exercising her rights.

Respectfully Submitted,

Date: June 8, 2016

/s/ John J. Coyle
John J. Coyle, Esquire
Deputy City Solicitor
Pa. Attorney ID No. 312084
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447
John.Coyle@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ORI FEIBUSH,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 14-3947** |
| : | |
| **COUNCILMAN KENYATTA JOHNSON,** : | |
| *In his Official Capacity,* : | |
| Defendant. : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below the foregoing Motion was filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania.

Date: June 8, 2016                               /s/ John J. Coyle
                                                 John J. Coyle, Esquire
                                                 Deputy City Solicitor
                                                 Pa. Attorney ID No. 312084
                                                 City of Philadelphia Law Department
                                                 1515 Arch Street, 14th Floor
                                                 Philadelphia, PA 19102
                                                 (215) 683-5447
                                                 John.Coyle@phila.gov