IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORI FEIBUSH, : | |
|                 Plaintiff, : | |
| : | Civil Action |
| v. : | No. 14-3947 |
| : | |
| COUNCILMAN KENYATTA JOHNSON, : | |
|   *In his Official Capacity,* : | |
|                 Defendant. : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS POST-TRIAL MOTION**

**I.    Introduction**

Defendant, Councilman Johnson in his Official Capacity, hereby files this motion pursuant to FEDERAL RULE OF CIVIL PROCEDURE 50. Defendants request judgment as a matter of law on Plaintiff's *Monell* claim against Councilman Johnson in his Official Capacity.

Plaintiff initiated this action on June 26, 2014. All of Plaintiff's claims were dismissed prior to trial with the exception of a claim for municipal liability pursuant to *Monell*. (ECF Nos. 20, 53.) Plaintiff initially sought to proceed to trial under three separate theories of municipal liability. Plaintiff initially sought for the jury to be read Third Circuit Model Jury Instructions 4.6.4, 4.6.5, and 4.6.6 which provide instruction for municipal liability for a statute, ordinance, or regulation (4.6.4), a choice by a policymaking official (4.6.5), and a custom of the municipality (4.6.6). (ECF No. 59 at 7-9.) Defendant filed a Motion in Limine to exclude jury instructions 4.6.4 and 4.6.5. (ECF No. 66.) At the final pretrial conference, Plaintiff stipulated that he was abandoning his statute, ordinance, or regulation (4.6.4) and choice by a municipal policymaker (4.6.5) theories of liability and the jury was subsequently charged only on a municipal custom

theory of liability.[1] (Trans. Day 3 at 111-129.) Defendant moved for directed verdict pursuant to Rule 50 at the close of Plaintiff's case. (Trans. Day 3 at 23- 42.) This Honorable Court denied Defendants motion after argument. *Id*. The jury subsequently returned a verdict for Plaintiff. (ECF Nos. 96-97.) Defendant now renews its motion pursuant to Rule 50 and asks this Honorable Court to vacate the prior judgment and enter judgment in favor of the Defendant.

**II.     Legal Standard**

The standard on a Motion for Judgment as a Matter of Law under Rule 50 is "whether, viewing the evidence in the light most favorable to the non-movant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Eddy v. V.I. Water & Power Auth.*, 369 F.3d 227, 230 (3d Cir. 2004). "In determining whether the evidence is sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version. Although judgment as a matter of law should be granted sparingly, a scintilla of evidence is not enough to sustain a verdict of liability. The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Id.* at fn. 4.

**III.    Argument**

      A. *The City custom of "councilmanic prerogative" was not the moving force behind Plaintiff's constitutional injury.*

---

[1] In his prematurely filed response in opposition to Defendant's post-trial motion, Plaintiff cites case law and argues for the verdict to be upheld under an action by a municipal policymaker theory of liability. Plaintiff's action by a municipal policymaker arguments were not presented to the jury, Plaintiff did not request the jury be charged on a municipal policymaker theory of liability, and did not object when the municipal policymaker jury charge was not read. Therefore, Plaintiff's action by a municipal policymaker arguments have been waived and should not be considered by this court. *Galena v. Leone*, 638 F.3d 186, 201-202 (3d Cir. 2011).

The City of Philadelphia's custom of "councilmanic prerogative" did not cause Plaintiff's constitutional injury. Courts have regularly held that only acts of the municipality itself, as opposed to acts of the municipality's employees, can be the basis for liability. *Pembauer v. City of Cincinnati*, 475 U.S. 469, 470 (1986); *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-820 (1985). A municipality cannot be held liable simply because one of its employees happened to apply a policy or custom in an unconstitutional manner. *Berg v. Cty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000). A plaintiff must "demonstrate that through its **deliberate conduct**, the municipality was the moving force behind the injury alleged." *Id.* at 276 (emphasis added)(quoting *Bd. of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997)). In order to avoid simply collapsing into *respondeat superior* liability, courts must apply the most rigorous requirements of culpability and causation. *Bryan Cty.*, 520 U.S. at 415. For a plaintiff to satisfy this rigorous standard, he must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Connick v. Thompson*, 563 U.S. 51, 75 (2011) (Scalia, J. concurring) (emphasis added). This causal link requires that the City itself must have caused the violation at issue. *Carswell v. Borough of Homestead*, 381 F.3d 235, 245 (3d Cir. 2004). Where, like here, a "plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bryan Cty.*, 520 U.S. at 405-406.

Defendant stipulated that councilmanic prerogative was a custom of the City of Philadelphia. At trial, councilmanic prerogative was explained to be a custom of deference to the elected councilman in a district on matters of zoning and land sales in that district. Specifically, Brian Abernathy testified:

> Under the City Charter, properties must be approved by City Council for sale. There are ten District Council Members in Philadelphia, each representing a specific geographic area. Councilmanic prerogative gives preference to the individual District Councilperson's wishes.
>
> In most cases, although not all, District Council Members will introduce zoning legislation within their District, will introduce property sales within their district, will deal with district-specific issues in their district, understanding those neighborhoods and those districts better than others. And so I think that's the -- the best description.

(Trans. Day 2 at 38:4-15.) When explaining how this custom applied to land sales in the Second District, Abernathy testified that a sale of City owned land required legislation that "would have to be approved by City Council, and by practice, it would normally be introduced by Councilman Johnson." (*Id.* at 39:2-4.) The custom of deference to the local councilmember is not unconstitutional on its face, and it does not cause a councilmember to do anything. The constitutional injury in this matter was a retaliatory act and the City's custom cannot cause someone to retaliate. The custom of councilmanic prerogative provided Councilman Johnson with the power to execute his decision to retaliate against Plaintiff, but did not cause the retaliation. By definition, every state actor in a § 1983 case is executing a power provided to them by the government. The municipality's act of providing that power alone cannot be the basis for municipal liability. Providing a police officer the power to arrest alone does not cause a false arrest in violation of the Fourth Amendment. Similarly here, providing Councilman Johnson discretion over land use and sale issues in the Second District did not cause him to retaliate against Feibush.

B. *Plaintiff did not demonstrate deliberate indifference to the constitutional rights of citizens*

Plaintiff has not demonstrated any evidence of deliberate indifference and therefore his claim fails as a matter of law. If a "custom does not facially violate federal law, causation can be established only by 'demonstrat[ing] that the municipal action was taken with deliberate

indifference as to its known or obvious consequences.'" *Berg*, 219 F.3d at 276 (quoting *Bryan Cty.*, 520 U.S. at 407); *see also Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 585 (3d Cir. 2003). Ordinarily, deliberate indifference can only be demonstrated with evidence that the custom has caused a pattern of constitutional violations. *Bryan Cty.*, 520 U.S. at 408-409. The Third Circuit has routinely held when a facially constitutional ordinance is alleged to have been unlawfully applied, a Plaintiff must demonstrate a pattern of unlawful application.[2] *Brown v. City of Pittsburgh*, 586 F.3d 263, 292-293 (3d Cir. 2009)(*citing McGuire v. Reilly*, 386 F.3d 45, 64 (3d Cir. 2004)). Here, it is clear that custom of councilmanic prerogative is facially constitutional. Thus, to demonstrate deliberate indifference in this matter there must have been evidence of City Council's knowledge that individuals were using prerogative for unconstitutional ends. The record is completely devoid of such evidence. Therefore, Plaintiff has failed to demonstrate deliberate indifference and his *Monell* claim fails as a matter of law.

**IV.** **Conclusion**

Based upon the evidence presented at trial, Plaintiff's municipal liability claim fails as a matter of law and Defendant respectfully requests this Court grant the Motion for Judgment as a Matter of Law.

                                                Respectfully Submitted,

Date: June 29, 2016                               /s/ John J. Coyle
                                                John J. Coyle, Esquire
                                                Deputy City Solicitor
                                                Pa. Attorney ID No. 312084
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA 19102
                                                (215) 683-5447
                                                John.Coyle@phila.gov

---

[2] While this matter is admittedly not a case regarding an ordinance, the logic underpinning the Court's decision in ordinance cases readily applies in this matter.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORI FEIBUSH,<br>　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**COUNCILMAN KENYATTA JOHNSON,**<br>　　*In his Official Capacity,*<br>　　　　　　**Defendant.** | **Civil Action**<br>**No. 14-3947** |

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below the foregoing Memorandum of Law in Support of the Rule 50 Motion was filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania.

Date: <u>June 29, 2016</u>　　　　　　　　　　　　<u>　/s/ John J. Coyle　</u>
　　　　　　　　　　　　　　　　　　　　　　　John J. Coyle, Esquire
　　　　　　　　　　　　　　　　　　　　　　　Deputy City Solicitor
　　　　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 312084
　　　　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　　　　(215) 683-5447
　　　　　　　　　　　　　　　　　　　　　　　John.Coyle@phila.gov